Gloria Dredd Haney, State Bar No. 157627
**LAW OFFICES OF GLORIA DREDD HANEY**
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807
Office:      714.279.0485
Fax:         714.921.2856
Email:       dreddlaw@sbcglobal.net

Attorney for Plaintiff
**JOANN MADRID ALVAREZ**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

JOANN MADRID ALVAREZ, Ph.D.

Plaintiff,

vs.

CHAFFEY COMMUNITY COLLEGE
DISTRICT, JASON CHEVALIER,
SUSAN HARDIE, LAURA HOPE,
LISA BAILEY, and DOES 1 through 10,
Inclusive,

Defendants.

Case No.: _____

**PLAINTIFF PROFESSOR DR. JOANN MADRID ALVAREZ'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

**DEMAND FOR JURY TRIAL**

Plaintiff, PROFESSOR JOANN MADRID ALVAREZ, Ph.D. ("Plaintiff" or "Dr. Alvarez"), hereby complains against Defendants CHAFFEY COMMUNITY COLLEGE DISTRICT ("District"), JASON CHEVALIER ("Chevalier"), SUSAN HARDIE ("Hardie"), LISA BAILEY ("Bailey"), LAURA HOPE ("Hope"), and DEFENDANTS, 1 through 10, (collectively "Defendants"). Although the Individual Defendants, Chevalier, Hardie, Hope, and Bailey, are in management/the administration, these state actors worked outside of their duties for unlawful reasons

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

and for their own personal gain

## NATURE OF CASE

1.  This is a civil action seeking damages and equitable relief against these Defendants for committing continuing unlawful acts against Plaintiff and for depriving Plaintiff of her rights, *inter alia,* secured by the Civil Rights Act of 1866, 42 U.S.C. § 1981 for discrimination based on Plaintiff's perceived race, color, national and/or by the Defendants; and by the Rehabilitation Act of 1973, as amended (29 U.S.C. § 701 et seq.) for retaliation.

2.  Dr. Alvarez was repeatedly and continuously humiliated, embarrassed, bullied, stalked, and degraded with the loss of her self-esteem associated with the racially motivated treatment she received and the public policy for which she complained.  The harassment and the bullying by these Defendants interfered with Dr. Alvarez's courses that were taught regularly as scheduled and *specifically* took away Plaintiff's job responsibilities and assignments related to her administrative duties.

3.  These duties and responsibilities related to Dr. Alvarez's duties and responsibilities as a professor *and* administrator, for which she was extremely proud. These Defendants, District, Chevalier, Hope, Hardie, and Bailey, engaged in the collusion between themselves which included their deceitful plans to use the cover of *their* administrative duties to take away Alvarez's *terms, conditions, and privileges* of employment.  The Supreme Court of the United States has held that

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

"this not only covers '*terms and conditions*' in the narrow sense, but also "evinces a congressional intent to strike at the entire spectrum of disparate treatment . . . in employment." *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 78 (1998) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986)), *Cf. Ray v. Henderson,* 217 F.3d 1234 (9th Cir. 2000) which held that for purposes of a retaliation claim, "an action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity.)  Other professors and instructors, who were able to know what had been happening to Dr. Alvarez, made it clear they did not want their names associated with the retaliatory conduct.

4.  Believing she had the right to do so like all other professors and instructors, Dr. Alvarez complained about the intentional disparate treatment by the Defendants, unlike the other professors and part-time instructors not in her classification. Chevalier, Hardie, Hope, and Bailey participated together in removing Dr. Alvarez from her scheduled courses and administrative duties. She was not able to select her schedule like all other professors and instructors who were not in her protected classifications.  There were those who had less experience, less education, and less number of years, i.e., over 21 years at District. Even part-time instructors taught the courses she previously had. The suspension from her administrative duties by Chevalier, Hardie, Hope, and Bailey was without reasonable notice, explanation, and without fully compensating her for the work she had performed.

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

5.  Dr. Alvarez was suspended for the first time after she verbally complained about the racial/ethnic discrimination leveled against her by her immediate supervisor, Chevalier, for whom she had filed formal complaints and grievances. Dr. Alvarez questioned Hardie as to why Hope, Bailey, and Hardie did not investigate Chevalier at all after Dr. Alvarez's complaints of discrimination, retaliation, and harassment against Chevalier.  Chevalier, incredulously, falsely claimed, *after* Dr. Alvarez's verbal and formal written complaints against him, that Dr. Alvarez was not performing her duties and responsibilities.  This pretextual complaint from Chevalier gave Hardie, Hope, and Bailey the excuse "to investigate" Dr. Alvarez for the purpose of creating a hostile environment leading to her termination.  Subsequently, Dr. Alvarez was placed on a medical leave, pursuant to the structure of federal Family Medical Leave Act ("FMLA"), the District's FMLA Policy which mirrors the federal policy, and her doctor's medical leave because of her health.  Because of unlawful acts which have been continuing for years, Dr. Alvarez has become severely ill, both emotionally and physically.

## JURISDICTION AND VENUE

6.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1391.  This action is authorized and instituted pursuant to 20 U.S.C. 1706 requiring the appropriate United States District Court to exercise jurisdiction. 42 U.S.C. § 1981, Civil Rights Act of 1991, as amended, states that employment discrimination and retaliation cases may be filed in the United States District Court.

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

This Court has pendent jurisdiction over Plaintiff's state claims, both administrative

and common law, because they arise out of the same nucleus of common facts on

which plaintiff's federal discrimination claims are based.  Pursuant to 28 U.S.C.

§ 1367(s), federal courts have the discretion to adjudicate state-law claims that are

transactionally related to the federal claims.

7.  Plaintiff has suffered and continues to suffer actual injuries as a result of the

intentional, racist, malicious, and unlawful conduct on the part of the above-named

Defendants.  The injuries can be traced to the challenged action and conduct in this

matter. This action further includes the federal Section 504 of the Rehabilitation Act

of 1973, as amended. District is the recipient of federal funds.  Intimidation and

retaliation are prohibited because Plaintiff sought his rights under section 504. This

Court also has pendent jurisdiction over Plaintiff's state claims, both administrative

and common law, because they arise out of the same nucleus of common facts on

which Plaintiff's federal discrimination claims are based.  Plaintiff

has a personal stake in the outcome of this action and hereby joins her request for

recovery pursuant to 42 U.S.C. § 1981, the California Fair Employment and

Housing Act ("FEHA") and has received her Department of Fair Employment and

Housing's, also known as the California Civil Rights Department's ("CRD") right-

to-sue notices, which are attached as Exhibits "A (08/23/2023 CRD right-to-sue),"

"B (CRD 09/03/23 right-to-sue), " and "C (CRD 11/27/23 right-to-sue)," along with

the complaints filed with the CRD.  Additionally, and importantly, Plaintiff also

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

sought help and assistance from the "D (04/12/2023 Letter to California Community Colleges/Chancellor's Office)", "E  (04/22/2023 Letter to United States Department of Labor)," "F (05/12/23 Letter from the United States Department of Labor)," and the "G (06/05/23 Letter from California Chancellor's Office for Community Colleges).

8.  Plaintiff is employed within the jurisdiction of the United States District Court in and for the Central District of California.

9.  District, a public entity, is doing business within the jurisdiction of the United States District Court/Central District.

## OVERVIEW OF THE RELEVANT AND BACKGROUND FACTS

10. Dr. Alvarez's multiple illnesses, financial losses, and the effects on her family have been more than devasting to her.  The symptoms she experienced began around late October 2022.  She had always denied having the debilitating headaches as she does now before.  The severe pain worsened around November 2022 going into 2023 and now 2024.  This situation coincided with her filing of the grievance against Chevalier, a grievance she had never had to file before.  More importantly, it is the *series* of the continuing wrong, unlawful conduct that has made her sick.

11. Dr. Alvarez clarified that the grievance was not solely about the remote teaching work she had done but because Chevalier started to take away her teaching duties, which was not in compliance with the Union contract between District and

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

the Chaffey College Faculty Association's Contract.

12. In the spring 2023, Dr. Alvarez was expected and prepared to teach two classes, but Chevalier denied her the right to teach the two classes. Hope, Hardie, and Bailey joined in with Chevalier even though, without cause, he denied Dr. Alvarez her right to teach the two classes. She knew the other professors on campus could teach the courses they preferred but not Dr. Alvarez. Hope, Hardy, and Bailey were doing all they could to engage in the pretextual investigation of Chevalier. However, nothing was done about Dr. Alvarez's complaint. There was no investigation resulting from her complaint. Next, her administrative duties were taken away. These duties consisted of her required presence on campus, which she had *never* failed to do even though Chevalier accused her of failing to have face-to-face courses and not appearing for office hours. The duties included reporting to District the students' writing, evaluating data, identifying the strengths and weaknesses of each student, etc.

13. Dr. Alvarez had never filed under the Family Medical Leave Act or the California Family Leave Act ("CFLA") before. Dr. Alvarez has been a full-time faculty member since 2005. She had never filed for workers' compensation before, except for now, and did not understand any of these processes. No one, not Hope, not Hardie, not Bailey, not Chevalier, not District explained the differences to her despite her multiple requests that someone with the responsibility in either Human Resources or Administrative Services do so.

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

14.  In October 2022, she had not taken any of the medication she now finds

herself on continuing into 2024.   In fact, it was not until the substantial increase of

her headaches in November 2022, *after* Chevalier denied Dr. Alvarez the right to

teach remote courses like all other instructors, even including adjunct instructors,

that she decided she could not take it any longer. The repeated and continual denial

of Dr. Alvarez's employment privileges, benefits, and rights of her employment

were taking their toll on her health.  The contractual grievances against Chevalier

were not limited to remote teaching but also included her teaching on split schedules

and late courses in the semester which would have made it extremely difficult for

her to complete her work.  Even though she was on a medical leave, the schedule

case her great anxiety because she realized to what she would have to return.

15.   District, Chevalier, Hardie, Hope, and Bailey either directly or indirectly

denied the grievance.  Dr. Alvarez eventually was told a reason for the

denial of her requests regarding her courses:  Her courses did not meet the needs of

District. That was all. By this time, Alvarez had been teaching at District for over 17

years.  Following her filing of the grievance, there was *no* investigation as with all

other faculty who filed contractual grievances.

16.  From the academic years of 2007 to 2018, she was scrutinized unlike any

Other faculty members and was given unfair evaluations.  According to Dr. Alvarez,

there was a cumulative impact of the continuing unlawful conduct levelled against

her.  These incidents of discrimination, harassment, and retaliation throughout the

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

years took their toll on Dr. Alvarez.

17.  In 2006-2007, Dr. Alvarez had violent physical and credible threats from a student, William Wang, who wanted to murder her.  He was also the student body president at the time.  Despite this threat, District failed to provide her with the appropriate protection.  Instead, District's Campus Police failed to document Dr. Alvarez's report and refused to take the statement of witnesses, like Dayna Downing, who was also a student on her speech and debate team.  The lack of a response from District made it perfectly clear Dr. Alvarez's safety and well-being was not a priority.

18.  She was never told by District that there was a physical threat, but she should talk to this student who wanted to murder her.  It was some time after the physical threat, she was told to "talk to the student" alone and by herself.  Naturally, she was afraid to go to see the student who purportedly threatened her life because of a grade and should have been given protection at least from Campus Police who, on a regular basis, would escort other similarly situated instructors, not in Dr. Alvarez's classification, to their automobiles when there was no threat against those instructors.  District's own Campus Police actually *refused* to take Dr. Alvarez's report of the threat, the report of an eyewitness who saw the angry student and heard the threat, and to make sure she was safe while on District's campus.[1]  The student,

---

[1] Dr. Alvarez filed three incidents reports with the Chaffey College Campus Police on December 05, 2022; February 06, 2023; and February 22, 2023.  Dr. Alvarez was extremely afraid to be in her personal office, so she was forced to work out of her car.  Concerning her third incident report,

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

who threatened Dr. Alvarez's life, was not even expelled. This same student had even been engaged in reported academic dishonesty, but nothing was done. This same student told two other students from Dr. Alvarez's debating team that he planned to have Dr. Alvarez "abducted and killed." Defendant District never disclosed *this* threat to her, but the students from the debate team did. She could have filed a grievance with the teachers' Union against District's management but was too afraid to do so because she was a teachers' Union representative and witnessed that everyone who filed a grievance, both instructors *and* members of the CSEA for classified employees, were either fired or force (constructively) to quit because of the intolerable hostile work conditions and environment leveled against them.

19. District then engaged in a cover-up *after* Dr. Alvarez reported the death threat to an outside police agency. She explained to the police agency that she was also targeted and harassed by District's administration. After reporting the threat, she was and has been under severe and constant undue scrutiny up to today in 2024. After reporting the death threat to the outside police agency, Dr. Alvarez was under

Officer Hunsaker went to Captain Francis, and after the captain received the information, he engaged in another cover up. The incident report comments found on the report were vague, short (approximately 21 words), and clearly inaccurate. On February 22, 2023, she went to Captain Francis' office with Officer Hunsaker for about 20 minutes, expressing her fear of management and what had been going on in her campus office on a regular basis. On March 29, 2023, Dr. Alvarez wrote to Captain Francis, asking him to include her actual personal statement for accuracy. *Captain Francis never responded to Dr. Alvarez even to this day in 2024.*

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

high, severe scrutiny for years. Dr. Alvarez now finds herself constantly being subjected to threats, bullying, being followed even to the restroom, stalking, and intimidation by District's administration and the Individual Defendants. As a result of these threats to her, she forced from being a Union representative out of fear of being harmed.

20. In addition, just as District appears to be planning for the termination of Dr. Alvarez's employment, the next act in retaliation was an unjustified "needs improvement" on her evaluation for the first time. A member of the evaluation committee, Professor Kipp Preble, later admitted to Dr. Alvarez just after he retired that he was instructed to give her a "poor rating/needs improvement" by the dean. Additionally, after the death threat, she was humiliated by being made to actual repeat the second year of tenure and threatened she would have to pay back the salary she received or teach additional classes even though she had not been compensated for the administrative work she performed, for example, with the debate team.

21. After Defendant Chevalier became Dr. Alvarez's new Dean, in 2018-2019 and 2019-2020, he began to pressure, harass, and intimidate her because he wanted her to give faculty members the "needs improvement" rating, who did not deserve that rating, and wanted her to sign her name on the Performance Evaluations for these faculty members. Indeed, Dr. Alvarez had witnessed District, and its administrators, use this method in order to terminate instructors.

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

22. Dr. Alvarez had been selected to participate in doing the Performance Evaluations of the faculty and felt very proud to be chosen for this position. The first time, Chevalier asked her to falsify the evaluations, she refused, not for the purpose of being insubordinate and/or disobeying her dean's instructions/directives, but because she knew that it was wrong to put knowingly false information on a legal California State document, like a Performance Evaluation for public employees. In the fall of 2018, Chevalier attempted to coerce her into providing a "needs improvement" rating for Beverly Natividad, a part-time female communication study faculty member. Professor Alvarez did not give in to Chevalier's threats. The next time, Dr. Alvarez feared it would be "very bad for [her]."

23. Subsequently, with the following evaluations, Chevalier angrily would close the door and stand in front of the door so that Dr. Alvarez could not leave and tell her to give a "needs improvement" rating to another faculty member. He would emphasize that Dr. Alvarez's evaluation should match his to make his evaluation "appear stronger." Although she previously first refused to comply with his directives, with the later evaluation she complied out of the fear of losing her employment or anything else. Her subsequent obedience made no difference because Chevalier's anger only worsened. Chevalier never came to the classes to observe these instructors himself. Chevalier now has a clear history of providing unjustified "needs improvement" ratings for female members.

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

24. The harassment and intimidation worsened to a great degree after evaluations of other faculty by Dr. Alvarez which caused her a great deal of fear and significant stress. Regarding Dr. Alvarez's schedule and to further establish pretextual reasons for her termination, Dean Chevalier initially approved her schedule but then demanded she make up for office hours he falsely accused Dr. Alvarez of not keeping. She fought this increase in her assignment with the Union. Eventually, Chevalier pretextually and deceitfully "agreed" with the Union that he purportedly just committed an inadvertent error regarding her office hours. To continue this pretense, Chevalier tried to give the impression he supported Dr. Alvarez too. Later, however, Chevalier still forced Dr. Alvarez to complete the extra office hours while, all along, he continued to give the specious impression Chevalier continued to agree with the Union. In Dr. Alvarez's own evaluations, she came to the conclusion that she should not have raised the issue of Chevalier and evaluations. The other two colleagues who participated in her evaluations *and* challenged Chevalier's input specifically requested the comments by Dr. Alvarez not be associated with their names.

25. In October 2022, again, Chevalier denied that Dr. Alvarez taught two of her classes remotely which would have been against the Union contract. The fact is she was remotely teaching two classes which complied with the Union contract. She was still working 50% at District doing the administrative part of her employment and training. So, teaching remotely two classes complied with the Union contract as

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

it did with all other teachers.  Other professors who were *only* teaching remotely and who were similarly situated like Dr. Alvarez were allowed not to have any classes on campus.  However, to comply with the Union contract which had been fully negotiated.  Their evaluations never included "needs improvement" or any other professionally negative evaluation.

26. This time, even though Dr. Alvarez was very reluctant, afraid, and filled with fear, she filed a grievance on November 08, 2022.  Doing so made her severely stressed, depressed, and filled with feelings of dejection, despair, and hopelessness, because she feared she would be terminated and "pushed out."  In December 2022, she began seeing a psychiatrist Dr. Alex Aju, who referred her to a psychologist in his office, Michael Hays, and to a psychiatrist Yadira Hernndez, M.D.   Dr. Alvarez continued with the treatments.  She continued working.  Then, on February 27, 2023, Rafael Rosalez, M.D., her general practitioner, put Dr. Alvarez on the federal Family Medical Leave Act for 6 months.  It was then recommended, and she did apply for California's Workers' Compensation ("WC").  District denied Dr. Alvarez's WC in July 2023.  Dr. Hernandez continued Dr. Alvarez's disability under the FMLA until June 2024.

27.  On December 14, 2022, Dr. Alvarez was called to the Human Resources Office of Susan Hardie ("Hardie"), the Director, and Lisa Bailey ("Bailey"), was falsely accused Dr. Alvarez of not teaching a face-to-face component to the whole class of students.  Dr. Alvarez brought all documentation to prove what she

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

said happened did happen, i.e., the documents proved she was teaching these students regularly, face-to-face- in the classroom.   Further, at this December 14 meeting, Defendant Hardie denied Dr. Alvarez making any allegations that Defendant Chevalier had been harassing over a period of years.

28. The harassment from Chevalier and the other Defendants continued in the form of District's steps to terminate Dr. Alvarez.  Following the grievance, on February 16, 2023, she received a message from Defendant Chevalier and the other Individual Defendants that District was launching an investigation[2] against her also about poor attendance.  Then, on February 21, 2023, almost one week later, the Individual Defendants amended[3] the false allegations against Dr. Alvarez to include a lack of her having the requisite office hours and refusing to communicate with her students and the staff.

29.  Knowing the previous allegations against Dr. Alvarez were false, the Individual Defendants included additional false allegations because they wanted to build a solid case against her so that she would, indeed, be terminated.  By this time,

---

[2] District has a reputation and is known to use a particular tactic when District is going to terminate, constructively terminate, forced to retire, or just force any employee whom they want out and away from District.  District launches an investigation with the sole purpose of hiring a so-called third-party, biased investigator who always concludes the employee is at fault.  It is District who selects and pays the investigators (the same ones) without any input on the selection from the employee.  And so it is here for Dr. Alvarez.

[3] Chevalier, Hardie, Bailey, and Hope continue to this day in 2024 to work on and add to the list of False allegations against Dr. Alvarez.  Dr. Alvarez will be timely filing additional complaints with The California Civil Rights Department ("CRD") and the federal Equal Employment Opportunity Commission ("EEOC").

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

their false allegations *consisted of* (1) the changed meeting dates for the investigation because Dr. Alvarez refused to respond, attend, and cooperate with District's investigations,  (2) the multiple reprimands regarding her poor performance and refusal to accept her duties and responsibilities, (3) the poor evaluations because of poor performance and refusal to accept her duties and responsibilities, (4) the taking away of her administrative duties because she refused to give notice she no longer accepted the responsibilities, (5) the change in her teaching schedule which created for her the most difficult teaching schedule because of her misconduct, (6) the refusal to pay her for the additional work she claimed she performed when she did not, (6) the her making false statements to the campus police about the so-called threats on her life, (7) the requesting Dr. Alvarez make true, academic statements on other instructors' evaluations when she refused, (8) the accusation that Dr. Alvarez did not cooperate with the so-called investigations, (9) the threat on February 28, 2023, that she had to appear at the investigation meeting because she did not tell the truth about her illness and being on FMLA, (10) the scheduling of other meetings because she was not on FMLA, (11) the instructions from Defendant Hardie that Dr. Alvarez should not go to the meeting because she mistakenly believed Dr. Alvarez was on the FMLA (12)  the report dated March 20, 2023, that Dr. Alvarez cancelled the meeting and not Hardie, (13) the pretextual overall willful and malicious omissions of communication, and repeated accusations, that District and the Individual Defendants made, have been nothing

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

but misrepresentations and false statements about Dr. Alvarez.  The conduct of these Defendants

30.  On March 23, 2023, Dr. Alvarez communicated *via* email to Hardie, the Director of Human Resources, and the Interim Director what appeared to be the willful and malicious omissions of her communications, especially regarding her grievances against Chevalier.  She informs District that she has a serious illness as the continuing unlawful conduct leveled against her continues with something different each time.  It had come to the point where she was forced to quit her position as a Union representative because of the repeated retaliation and harassment when she spoke to the Union representatives, sought their assistance with grievances, and sought their assistance through the mediation process.

31.  This conduct on the part of all Defendants, each and every one, was so severe and pervasive that it would have caused Dr. Alvarez to suffer not only from what her physicians have concluded previously, but it would also have caused her to continue to suffer from anxiety plus post-traumatic stress, and these Defendants knew that to be the case.  Her workload toward the end of the spring semester was proven to be very hectic, with all of the false allegations against her in evaluations, reports, investigations, etc.

32.  Generally, at District, as with most community colleges, summer courses are given to the tenured faculty, full-time professors before the adjunct instructors.  In addition to being a full-time instructor, Dr. Alvarez has the most

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

experience teaching at other colleges along with her full-time position at District; is among those instructors with the most years, 21 years, at District; and the most academic degrees from a bachelor's degree (California State University, Fullerton), a master's degree (California State University, Fullerton), to a Doctor of Philosophy degree (North Central University). Conversely, despite these facts, Dr. Alvarez had to struggle to get summer courses which are optional. Chevalier *denied* she asked for and was assigned summer courses last summer which, again, was a pretextual excuse and just false. She did and was actually in reality assigned those summer courses.

33. All of Dr. Alvarez's grievances both verbally and in writing went nowhere. District and the Individual Defendants denied everything. Mediation was attempted, but nothing was done. District chose not to proceed. Everything has remained unresolved.

34. Currently, Dr. Alvarez has daily headaches, lasting sometimes for 3 hours, and she suffers from pressure in her chest, lasting up to 30 minutes. She experiences nausea 3 times a week. Along with physical manifestations, Dr. Alvarez feels sad all the time. She cries almost daily. She feels discouraged about the future. She does not enjoy things in life like before. She lost a big part of herself ---- her confidence. She is disappointed in herself and criticizes herself. She feels she failed and feels guilty for not providing for her family. She feels she is being punished by her employer. She has great difficulty in making decisions. Dr. Alvarez has put her

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

life on hold.  "All I want is to save my retirement."

## STATEMENT OF A FEDERAL CLAIM

## FIRST CLAIM FOR RELIEF

(Violation of the Civil Rights Act of 1866

[As Amended, 42 U.S.C. § 1981]

Against District)

35.  The allegations and attachments set forth in paragraphs 1 through 34, inclusive, are incorporated into this claim for relief by reference as if set forth in full.  CRA claims and their right-to-sue notices are also incorporated into this claim for relief along with Dr. Alverz's complaints delivered to the United States Department of Education in Washington, D.C.

36.  Section 1981 provides that all persons within the jurisdiction of the United States must be afforded the same rights and the full and equal benefit of all laws and proceedings for the security of persons and property enjoyed by white citizens regardless of race.  Section 1981 covers discrimination not only in the formation of a contract but also during the duration and life of the contract.

37.  District retaliated against, harassed, threatened, suspended, "demoted," denied Dr. Alvarez her civil rights in violation of the laws of the United States because she is an predominately Spanish/Native American but mischaracterized as a Latina.  These Defendants referred to Dr. Alvarez and treated Dr. Alvarez as if she is of Mexican American/Latina/Hispanic and would have done the same if they

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

**FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.**

knew she was of Native American descent.  No other employee who was similarly situated as Dr. Alvarez but not a member of her protected class was treated better and with greater opportunities and peace of mind while in the work environment than Dr. Alvarez

WHEREFORE, Dr. Alvarez requests relief as set forth below against District.

## STATEMENT OF STATE CLAIM

## SECOND CLAIM FOR RELIEF

(Violation of the California Government Code, §12940, et seq.

Failure To Prevent Discrimination in Employment Against District)

38.  The allegations and attachments set forth above in paragraphs 1 through 37, inclusive, are incorporated into this claim for relief by reference as if set forth in full. CRA claims and their right-to-sue notices are also incorporated into this claim for relief along with Dr. Alverz's claim delivered to the United States Department of Education.

39.  Plaintiff has established that discrimination occurred and that District failed to prevent the discrimination from occurring, whether the discrimination was based race, ethnicity, national origin, color, physical and/or mental disabilities, and because she engaged in the protected activity of complaining about discrimination verbally or in writing.

40.  District did not take all reasonable steps to prevent the discrimination from Occurring and even encouraged the discriminatory acts by Chevalier, Hope, Hardie,

20

And Bailey.

WHEREFORE, plaintiff demands judgment against defendant District.

## STATEMENT OF STATE CLAIM

## THIRD CLAIM FOR RELIEF

(Retaliation Pursuant to FEHA Against District)

41.  The allegations and attachments set forth above in paragraphs 1 through 40, inclusive, are incorporated into this claim for relief by reference as if set forth in full. CRA claims and their right-to-sue notices are also incorporated into this claim for relief along with Dr. Alvarez's claims delivered to the United States Department of Education.

42. The Defendants, Chevalier, Hardy, Hope, and Bailey harassed, retaliated against, threatened her with suspension, gave her verbal and written reprimands, gave her poor evaluations, accused her of not showing up for class or having the *required* office hours, and denied her right the right to return to her job duties after a period of absence due to her disabilities. All the acts of retaliation were based on pretextual reasons which are easily recognizable by the average, objective juror. She was treated this way because of her complaints and protesting the discrimination against her based on perceived racial classification discrimination.  She was treated this way because she refused at first and was then forced to give an instructor a poor evaluation who did not deserve it. The retaliation and harassment leveled against her were in violation of the California Fair Employment and Housing Act ("FEHA").

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

43. Defendants acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of losing her job was substantially certain to result from Defendants' conduct, warnings, and most especially because of Plaintiff's actually or perceived race. Plaintiff's emotional distress was and is now severe, substantial, and enduring and was caused by the Defendants' pervasive and unlawful conduct.

44. As a direct and proximate result of Defendants' action against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to loss of wages, bonuses, deferred compensation, and other employment benefits, in an amount to be proven at the time of trial, more than the minimum jurisdictional requirements of this Court.

45. Unlike other similarly situated employees not in Plaintiff's protected classification, Defendants used Plaintiff's perceived racial/ethnic origin in order to discriminate against her and give notice of an anticipated suspension and the continuation of a schedule which was painful and almost impossible to complete.

46. As a further direct and proximate result of Defendants' unlawful, pervasive, discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, more than the minimum jurisdictional requirements of this Court.

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

WHEREFORE, Plaintiff demands judgment which is more fully stated below against District.

## STATEMENT OF STATE CLAIM

## FOURTH CLAIM FOR RELIEF

(Harassment Against District, Chevalier, Hardie,

Bailey, Hope Pursuant to FEHA)

47. The allegations and attachments set forth above in paragraphs 1 through 46, inclusive, are incorporated into this claim for relief by reference as if set forth in full. CRD claims and their right-to-sue notices are also incorporated into this claim for relief along with Dr. Alvarez's claim delivered to the United States Department of Education.

48. Plaintiff was harassed, retaliated against, threatened with suspension, given reprimands, bad evaluations, anticipated suspension, and denied reinstatement back to her job duties during and after her medical leave. She was treated this way because of her complaints and protesting the discrimination against her based on her perceived race along age discrimination. The retaliation and harassment leveled against her were in violation of the California Fair Employment and Housing Act. Plaintiff was even subjected to harassment based on where she chose to make her home because of her minor son's needs. Bailey knowingly encouraged the punitive, harassing acts against Plaintiff and did nothing to Chevalier, Hope, or Hardie to

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

prevent these debilitating and racist acts. The conduct was so severe and pervasive that it caused Plaintiff to suffer from anxiety attacks and post-traumatic stress.

49. Defendant acted using the policies and procedures and knowing with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of losing her job was substantially certain to result from Defendants' conduct, most especially because of Plaintiff's race and opposing the unlawful conduct. Plaintiff's emotional distress was and is now severe, substantial, and enduring and was actually caused by the Defendant's pervasive and unlawful conduct in violation of both state and federal laws.

50. As a direct and proximate result of Defendant's action against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to loss of wages, bonuses, deferred compensation, and other employment benefits, in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

51. Unlike other similarly situated employees, Defendants used Plaintiff's perceived race/ethnic origin to discriminate against her, subjected her to an anticipatory suspension, and told other employees about Plaintiff's alleged conduct which caused other employees, who were or were not actual colleagues to have disdain for her and treat her as a pariah within the work environment.

52. As a further direct and proximate result of Defendants' unlawful, pervasive, discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Dr. Alvarez demands a judgment which is more fully stated below against District.

## STATEMENT OF FEDERAL CLAIM

## FIFTH CLAIM FOR RELIEF

(Protected Expressions/Freedom of Speech Against

Chevalier, Bailey, Hope and Hardie

Pursuant 42 Section 1983 for Union Rights)

53. The allegations and attachments set forth above in paragraphs 1 through 52, inclusive, are incorporated into this claim for relief by reference as if set forth in full. CRA claims and their right-to-sue notices are also incorporated into this claim for relief along with Dr. Alverz's claim delivered to the United States Department of Education.

54. Defendants violated Plaintiff's right to freedom of speech when they sought to and did take punitive actions against her when she publicly identified the discrimination at District leveled against her as a public employee.

WHEREFORE, Alvarez seeks a judgment against these individual Defendants.

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

## STATEMENT OF A STATE CLAIM

## SIXTH CLAIM FOR RELIEF

(Violation of the FEHA for Disability Discrimination Against District)

55.  The allegations and attachments set forth above in paragraphs 1 through 54, inclusive, are incorporated into this claim for relief by reference as if set forth in full.  CRA claims and their right-to-sue notices are also incorporated into this claim for relief along with Dr. Alverz's claim delivered to the United States Department of Education.

56.  Defendants discriminated against Plaintiff based on her disabilities. Plaintiff's disabilities can be traced to the conduct of the defendants.  No other employee with recognized disabilities like Plaintiff was treated on a continuous basis as Plaintiff has been treated.

WHEREFORE, Plaintiff requests relief as set forth below against District.

## STATEMENT OF A FEDERAL CLAIM

## SEVENTH CLAIM FOR RELIEF

(Violation of the Rehabilitation Act of 1973, § 504 Against District)

57.  The allegations and attachments set forth above in paragraphs 1 through 56, inclusive, are incorporated into this claim for relief by reference as if set forth in full. CRA claims and their right-to-sue notices are also incorporated into this claim for relief along with Dr. Alverz's claim delivered to the United States Department of Education.

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

58. Plaintiff was not accommodated. She suffered a materially adverse employment action when she was forced on a disability leave because of the retaliatory refusal to accommodate her, taking away a program and transferred her to only teaching courses, reprimanded for failing to attend classes and office hours, monitored daily, verbal reprimands, etc.

59. The refusal by District to accommodate Plaintiff is an adverse action as required to establish a *prima facie* case of retaliation under the Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794 and was in retaliation. But-for Plaintiff's complaints and on-going retaliation of using Plaintiff's disabilities against her, this violation would not have occurred.

60. Plaintiff was not required to exhaust his administrative remedies under Section 504 of the Rehabilitation Act of 1973 because the Ninth Circuit has stated that "private plaintiffs suing under section 504 need not first exhaust administrative remedies." *Smith v. Barton,* 914 F.2d 1330, 1338 (9th Cir. 1990). The question is not one of procedure but whether or not the employer violated the Act. 29 U.S.C. § 794(d).

WHEREFORE, Plaintiff demands judgment against Defendant District.

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

## STATEMENT OF A STATE CLAIM

## EIGHTH CLAIM FOR RELIEF

(Violation of the California's FEHA in

Violation of Race Discrimination Against District)

61.  The allegations and attachments set forth above in paragraphs 1 through 60, inclusive, are incorporated into this claim for relief by reference as if set forth in full. CRA claims and their right-to-sue notices are also incorporated into this claim for relief along with Dr. Alvarez's claim delivered to the United States Department of Education.

62.  Dr. Alvarez was retaliated against, harassed, threatened, and denied her civil rights in violation of the laws of the United States and California *just* because she is perceived as a Mexican American/Latino.  No other employee was treated in this manner as Plaintiff.

WHEREFORE, Dr. Alvarez requests relief against District because Section 1981 provides that all persons within the jurisdiction of the United States must be afforded the same rights and the full and equal benefit of all laws and proceedings for the security of persons and property enjoyed by white citizens regardless of race.  Section 1981 covers discrimination not only in the formation of a contract but also during the duration and life of the contract.

63.  Plaintiff was retaliated against, verbally harassed with constant written reprimands, threatened with termination, suspended, "demoted," denied his civil

rights in violation of the laws of the United States because she is perceived as Latina. No other White was treated in this manner as Alvarez. (1) Dr. Alvarez is a member of a protected class because she is a perceived Latino/Hispanic and non-White and is Native American. (2) She was and is qualified and was determined to be qualified with an overall Satisfactory on her evaluations. (3) She experienced continuing instances of different adverse employment actions from a series of written reprimands that were placed in her personnel file, had work zones and buildings changed to make her work much more difficult than for White employees. (4) These circumstances give rise to the inference of discrimination. But-for Dr. Alvarez being perceived as non-White but Latino/Hispanic, she would not have suffered in this manner. Sections 1981 and 1983 prohibit discrimination based on race. The reasons offered by the Individual Defendants for their acts of discrimination were not true reasons but were a pretext for discrimination. A reasonable jury could conclude by a preponderance of the evidence that the defendant undertook the challenged employment action because of plaintiff's race. "*DeHorney v. Bank of Am. Nat'l Trust & Sav. Ass'n* 879 F.2d459, 467 (9th Cir. 1989).

WHEREFORE, Dr. Alvarez requests relief as set forth above and below against District.

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

## STATEMENT OF A FEDERAL CLAIM

## NINTH CLAIM FOR RELIEF

(Violation of the Federal 42 U.S.C. § 1983

for Protected Speech, Equal Protection,

Against the Individual Defendants

Chevalier, Hardie, Bailey, and Hope)

64.  The allegations and attachments set forth above in paragraphs 1 through 63, inclusive, are incorporated into this claim for relief by reference as if set forth in full. CRD claims and their right-to-sue notices are also incorporated into this claim for relief along with Dr. Alverz's claim delivered to the United States Department of Education.

65.  The right of access to the courts is subsumed under the First Amendment right to petition for redress of grievances. *Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310 (9th Cir. 1989).  Dr. Alvarez had the right to file complaints with her supervisors, District, then with the Department of Fair Employment and Housing, and subsequently in this Court because of the violation of her protected constitutional rights.

WHEREFORE, Plaintiff demands judgment against Defendants Chevalier, Hardie., Bailey, and Hope.

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

# STATEMENT OF A FEDERAL CLAIM

# TENTH CLAIM FOR RELIEF

(Violation of the Failure To Accommodate,

Plaintiff and Engage in the Interactive

Process Against District)

66.  The allegations and attachments set forth above in paragraphs 1 through 65, inclusive, are incorporated into this claim for relief by reference as if set forth in full. CRD claims and their right-to-sue notices are also incorporated into this claim for relief along with Dr. Alverz's claim delivered to the United States Department of Education.

67. Plaintiff was not accommodated. She suffered a materially adverse employment action because of the retaliatory refusal to accommodate her, given unsatisfactory evaluations, monitored daily, given written and verbal reprimands, etc.

68.  The refusal by District to accommodate Plaintiff is an adverse action as required to establish a *prima facie* case of retaliation under the Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794 and was in retaliation. But-for Plaintiff's complaints and on-going retaliation of using Plaintiff's disability against her, this violation would not have occurred.

69.  Plaintiff was not required to exhaust her administrative remedies under

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

Section 504 of the Rehabilitation Act of 1973 because the Ninth Circuit has stated that "private plaintiffs suing under section 504 need not first exhaust administrative remedies." *Smith v. Barton,* 914 F.2d 1330, 1338 (9th Cir. 1990). The question is not one of procedure but whether the employer violated the Act.  29 U.S.C. § 794(d).

WHEREFORE, Plaintiff demands judgment against Defendant District.

## DEMAND FOR JURY TRIAL

Plaintiff,  JOANN MADRID ALVAREZ, Ph.D., hereby demands a trial by jury in this matter.

## PRAYER FOR RELIEF

1. **Issue a permanent injunction** instructing District to reinstate Plaintiff in the position Plaintiff held before the unlawful discriminatory retaliation and harassment.

2. **Issue a declaration of rights** declaring that Defendants' retaliatory and harassing conduct as alleged in this complaint violates Plaintiff's civil and constitutional rights.

3. An award of monetary damages sufficient fully to compensate Plaintiff for

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

all losses she has suffered as a direct and proximate result of District's and its agents' unequal, discriminatory, bullying, harassing, and retaliatory treatment of her, including "comp time."

4.  An award of monetary damages sufficient to fully compensate Dr. Alvarez for emotional trauma suffered by her, including damages for mental distress, emotional pain, loss of enjoyment of life, and other nonpecuniary losses.

5.  An award of monetary damages as mandated by civil rights laws, both federal and state.

6.  An award of monetary damages as mandated by the Fair Employment and Housing Act with a lodestar application.

7.  An award of costs, including attorneys' fees pursuant to California Code of Civil Procedure, § 1021.5; 42 U.S.C., § 1988 and any other applicable statutes for attorneys' fees.

8.  An award of costs, including attorneys' fees, to cover all the costs paid by Plaintiff to prosecute her case.

9.  An award of punitive damages against the Individual Defendants.

10. An award of damages pursuant to other relevant provisions of law.

11. An award of such other and further relief as the Court considers proper and just.

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

Dated:  August 16, 2024

**LAW OFFICES OF GLORIA DREDD HANEY**


By:  *Gloria Dredd Haney*
       Gloria Dredd Haney
       Attorney for Plaintiff
       **JOANN ALVAREZ, Ph.D.**

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.

1

2

## **VERIFICATION**

3

4 **I, JOANN MADRID ALVAREZ, Ph.D., DECLARE AS FOLLOWS:**

5    I am the Plaintiff in the above-entitled action and make this verification for

6

7 my federal Complaint filed in the United States District Court for the Central

8 District of California.  I have read the foregoing Complaint and know of its contents.

9 The same is true of my own knowledge, except as to those matters I believe to be

10

11 true from my own observation.

12    I declare under penalty of perjury under the laws of the United States of

13 America and the State of California that the foregoing is true and correct.

14    Executed the ℜ day of  2024 in San Antonio, Texas.

15

16

17 Joann Madrid Alvarez, Ph.D.

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road Suite 210 Anaheim Hills, California 92807

**FEDERAL COMPLAINT FOR PLAINTIFF JOANN MADRID ALVAREZ, Ph.D.**