1  Mark H. Meyerhoff, Bar No. 180414
   mmeyerhoff@lcwlegal.com
2  Viddell Lee Heard, Bar No. 175049
   lheard@lcwlegal.com
3  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
4  6033 West Century Boulevard, 5th Floor
   Los Angeles, California 90045
5  Telephone:  310.981.2000
   Facsimile:   310.337.0837
6
7  Attorneys for Defendants CHAFFEY COMMUNITY
   COLLEGE, JASON CHEVALIER, SUSAN HARDIE,
8  LAURA HOPE, and LISA BAILEY

9
10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12  JOANN MADRID ALVAREZ,          Case No.:  5:24-cv-01781-JGB-SHK
    Ph.D.,
13                                 Complaint Filed: August 30, 2024
                 Plaintiff,
14                                 **NOTICE OF MOTION AND MOTION
         v.                        TO DISMISS**
15
    CHAFFEY COMMUNITY              Date:   January 13, 2025
16  COLLEGE, JASON CHEVALIER,      Time:  9:00 a.m.
    SUSAN HARDIE, LAURA HOPE,      Ctrm:  1
17  LISA BAILEY, and DOES 1
    through 10, Inclusive,
18
                 Defendants.
19
20
21
22
23
24
25       **TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

26       **PLEASE TAKE NOTICE THAT** on January 13, 2025, at 9:00 a.m., or as

27  soon thereafter as the matter may be heard in Courtroom 1, located at 3470 Twelfth

28  Street, Riverside, California 92501-3801, Defendants Chaffey Community College

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1

District, Lisa Bailey, Jason Chevalier, Susan Hardie, and Laura Hope (collectively "Defendants") will and hereby do move to dismiss all claims for relief in the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is made following after conferences between counsel for Defendants, Viddell Lee Heard, and counsel for Plaintiff, Gloria Haney, pursuant to Local Rule 7-3, which took place on November 15 and 18, 2024.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Heard Declaration filed herewith, all pleadings and papers filed in this case, and any other oral and documentary evidence as may be presented thereafter.

Dated:  December 4, 2024                    LIEBERT CASSIDY WHITMORE


By:   */s/ Viddell Lee Heard*
Mark H. Meyerhoff
Viddell Lee Heard
Attorneys for Defendants
CHAFFEY COMMUNITY
COLLEGE, JASON
CHEVALIER, SUSAN HARDIE,
LAURA HOPE, and LISA
BAILEY

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

2

12674307.3 CH020-114

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................ 7

II.    OVERVIEW OF FACTUAL ALLEGATIONS IN THE
       COMPLAINT ............................................................................................ 8

       A.    PARTIES ...................................................................................... 8

       B.    ALLEGATIONS REGARDING PLAINTIFF'S
             ALLEGED DISABILITY ............................................................. 8

       C.    ALLEGATIONS REGARDING ALLEGED
             MISTREATMENT OF PLAINTIF .............................................. 9

       D.    THE DISTRICT'S INVESTIGATION INTO
             PLAINTIFF'S POOR WORK PERFORMANCE ...................... 10

       E.    ALLEGED DEATH THREATS AGAINST PLAINTIFF ............... 10

III.   LEGAL STANDARD ............................................................................. 10

IV.    LEGAL ARGUMENT ............................................................................ 11

       A.    THE FOURTH CLAIM FOR RELIEF FAILS TO
             STATE A CLAIM FOR HARASSMENT IN
             VIOLATION OF THE FEHA .................................................... 11

             1.    The Claim is Based on Personnel Management
                   Actions ............................................................................ 11

             2.    The Complaint Does Not Plead Facts Sufficient to
                   Demonstrate Harassment by *Each* Defendant .......................... 12

             3.    The Complaint Does Not Plead Facts Showing a
                   Causal Connection Between Defendants' Alleged
                   Harassment and Plaintiff's Race ............................................ 14

       B.    THE SECOND, SIXTH, AND EIGHTH CLAIMS FAIL
             TO STATE CLAIMS FOR DISCRIMINATION OR
             FAILURE TO PREVENT DISCRIMINATION IN
             VIOLATION OF THE FEHA .................................................... 14

             1.    The Claim for Disability Discrimination Fails ....................... 14

             2.    The Claim for Racial Discrimination Fails ........................... 15

             3.    The Claim for Failure to Prevent Discrimination
                   Fails ................................................................................ 16

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

3

C.   THE FIRST CLAIM FAILS TO STATE A CLAIM FOR VIOLATION OF 42 U.S.C. SECTION 1981 .......................... 17

D.   THE THIRD CLAIM FAILS TO STATE A CLAIM FOR RETALIATION IN VIOLATION OF THE FEHA ......................... 17

E.   THE FIFTH AND NINTH CLAIMS FAIL TO STATE CLAIMS FOR VIOLATION OF 42 U.S.C. SECTION 1983 ................................................................................... 19

     1.   The Complaint Fails to State a Claim Based on "Union Rights" ......................................................... 19

     2.   The Complaint Fails to Plead Facts Demonstrating a Causal Nexus Between Plaintiff's Alleged Complaints and Any Adverse Action by Defendants ........................................................... 19

     3.   The Complaint Fails to Allege Personal Participation in the Alleged Rights Violation by Bailey, Hardie or Hope ....................................... 20

F.   THE SEVENTH AND TENTH CLAIMS FAIL TO STATE CLAIMS FOR VIOLATION OF THE REHABILITATION ACT OF 1973 ................................ 20

V.   CONCLUSION ............................................................... 21

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

MOTION TO DISMISS

12674307.3 CH020-114

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anderson v. United States HUD*
554 F.3d 525 (5th Cir. 2008). ................................................................. 17

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .............................................................................. 11

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ........................................................................ 10, 16

*Crumpton v. Gates*
947 F.2d 1418 (9th Cir. 1991) ................................................................ 19

*Guyton v. Nove Nordisk, Inc.*
151 F.Supp.3d 1057 (C.D. Cal. 2015) ....................................................... 18

*Hatfield v. DaVita Healthcare Partners, Inc.*
2015 WL 106632, *2 (N.D. Cal. 2015) ....................................................... 15

*Jones v. Williams*
297 F.3d 930 (9th Cir. 2002) ................................................................. 20

*Lake v. Baca*
2007 WL 9706773, *2 (C.D. Cal. 2007) ..................................................... 20

*Madrigal v. Senior Aerospace SSP*
2016 WL 4251573, *3 (C.D. Cal. 2016) ...................................................... 15

*McKenna v. Permanente Medical Group, Inc.*
894 F.Supp.2d 1258 (E.D. Cal. 2012) ....................................................... 15

*Papasan v. Allain*
478 U.S. 265 (1986) ......................................................................... 11, 15

*Sendejas v. Coca-Cola Refreshments, USA, Inc.*
2018 WL 2759391, *3 (C.D. Cal. 2018) ...................................................... 12

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001) .............................................................. 11, 17

**State Cases**

*Aguilar v. Avis Rent A Car System, Inc.*
21 Cal.4th 121 (1999) ......................................................................... 12

*Faust v. California Portland Cement Co.,*
150 Cal.App.4th 864 (2007) .................................................................. 14

*Husman v. Toyota Motor Credit Corp.*
12 Cal.App.5th 1168 (2017) .................................................................. 18

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12674307.3 CH020-114

*Janken v. GM Hughes Electronics*
  46 Cal.App.4th 55 (1996) ............................................................................. 12

*Reno v. Baird*
  18 Cal.4th 640 (1998) ............................................................................ 11, 12

*Thompson v. City of Monrovia*
  186 Cal. App. 4th 860 (2010) ...................................................................... 11

*Trujillo v. North County Transit Dist.*
  63 Cal.App.4th 280 (1998) .......................................................................... 16

*Yanowitz v. L'Oreal USA, Inc.*
  36 Cal. 4th 1028 (2005) .............................................................................. 18

**<u>State Statutes</u>**

California Government Code section 12940 et seq. ........................................ 16

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

6

MOTION TO DISMISS

12674307.3 CH020-114

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

As explained below, Plaintiff Joann Madrid Alvarez's indefinite, vague and uncertain complaint fails to state valid claims against Defendants Chaffey Community College District ("District"), Lisa Bailey ("Bailey"), Jason Chevalier ("Chevalier"), Susan Hardie ("Hardie"), and Laura Hope ("Hope") (collectively "Defendants").

First, the complaint pleads several claims for discrimination or harassment based on Plaintiff's race or disability status but does not plead facts to substantiate those claims. The fact section of the complaint hardly references Plaintiff's race or supposed disability at all, and nowhere states facts demonstrating wrongful conduct motivated by these characteristics.

Second, the complaint pleads claims alleging that Defendants retaliated against Plaintiff because of her complaints about discrimination against her. These claims fail because the complaint does not plead facts sufficient to establish a causal link between her alleged protected speech and Defendants' alleged retaliatory conduct.

Third, Plaintiff's claim for harassment in violation of the Fair Employment and Housing Act (FEHA) fails because it alleges that Defendants harassed her by giving her bad performance evaluations, taking away some of her job duties, and criticizing her work performance. California law makes clear, however, that such "commonly necessary personnel management actions" do not come within the meaning of harassment under the FEHA.

Despite these defects, Plaintiff adamantly refuses to amend the complaint in any respect. Defendants therefore respectfully request the Court grant this motion to dismiss.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

MOTION TO DISMISS

12674307.3 CH020-114

## II.    OVERVIEW OF FACTUAL ALLEGATIONS IN THE COMPLAINT

### A.    PARTIES

The complaint alleges that Plaintiff is a "professor and administrator" for the District. (Compl. ¶ 3.) Hardie is allegedly the Director of District's "Human Resources Office" and Chevalier was allegedly "Dr. Alvarez's new Dean" beginning in 2018. (*Id*. ¶¶ 21, 27.) The complaint does not identify what positions Bailey or Hope hold at the District. (*See, e.g., id.* ¶¶ 3-5, 12.)

### B.    ALLEGATIONS REGARDING PLAINTIFF'S ALLEGED DISABILITY

The complaint alleges Plaintiff had "multiple illnesses" for which "they symptoms she experienced began around late October 2022." (*Id*. ¶ 10.) The complaint does not identify what the illness is, other than to describe it as a "serious illness" for which she experiences "daily headaches," "pressure in her chest," nausea, and negative feelings. (*Id*. ¶ 34.) Plaintiff allegedly "inform[ed] the District that she has a serious illness" by email on March 23, 2023. (*Id*. ¶ 30.)

Plaintiff alleges she was "placed on a medical leave" in February 2023 and remained on leave until at least June 2024. (*Id*. ¶¶ 5, 26.) Importantly, the complaint does not allege Plaintiff experienced any negative treatment by the District after February 2023, when Defendants informed her that "the District was launching an investigation against her about poor performance" and failure to keep "the requisite office hours" or "communicate with her students and the staff." (*Id*. ¶ 28.) The complaint makes a brief reference to Plaintiff having been "denied reinstatement" but pleads no facts to support that reference (e.g., that Plaintiff returned from leave, when she did so, or that the District refused to reinstate her.)

Similarly, the complaint alleges that the District did not accommodate Plaintiff's alleged disability but does not allege any facts to support that allegation, e.g., Plaintiff does not identify what accommodations were requested and what the District's responses were to those alleged accommodation requests. (*See Id*. ¶¶ 58-

8

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

59, 67.) The words "accommodate" or "accommodated" do not even appear in the factual allegation section of the complaint.

## C.   ALLEGATIONS REGARDING ALLEGED MISTREATMENT OF PLAINTIF

The complaint alleges Plaintiff is "Native American" but Defendants allegedly "referred to Dr. Alvarez and treated Dr. Alvarez as if she is of Mexican American/Latina/Hispanic." (*Id*. ¶¶ 37, 63.) The complaint alleges that Plaintiff lodged complaints and grievances about "intentional disparate treatment" on the basis of her race on November 8, 2022 after Chevalier began to take away her teaching duties. (*Id*. ¶¶ 4-5, 10-12, 26) Chevalier also allegedly forced Plaintiff to hold additional office hours. (Id. ¶ 24.)

The complaint alleges that "Hope, Hardie, and Bailey joined in with Chevalier" but does not specify what, if anything, these persons did in that regard. (*Id*. ¶ 12.) The complaint further alleges that Plaintiff's "administrative duties were taken away" but does not allege which, if any, Defendant took them away. (*Id*.)

The complaint alleges the District "did nothing" in response to these complaints, though it later acknowledges the District sought to mediate her complaints. (*Id*. ¶¶ 12, 33.) She alleges that the "District, Chevalier, Hardie, Hope and Bailey either directly or indirectly denied [her] grievance" but does not explain how or when they did so. (*Id*. ¶ 15). It states only that Plaintiff was told by some unspecified person that her courses "did not meet the needs of the District." (*Id*.)

The complaint alleges that in the "academic years of 2007 to 2018, [Plaintiff] was scrutinized unlike any other faculty members and was given unfair evaluations." (*Id*. ¶ 16.) However, the complaint does not provide details regarding the nature of that alleged scrutiny or those evaluations. Plaintiff was also allegedly asked by Chevalier to give unfairly negative evaluations to ***other*** faculty members. (*Id*. ¶¶ 21-23.)

The complaint similarly alleges Plaintiff was "subjected to threats, bullying,

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

9

being followed even to the restroom, stalking, and intimidation by [the] District's administration and Individual Defendants." (*Id*. ¶ 19.) However, the complaint does not plead facts to support that assertion.

### D.    THE DISTRICT'S INVESTIGATION INTO PLAINTIFF'S POOR WORK PERFORMANCE

The complaint alleges that in October 2022, Chevalier stated that Plaintiff "taught two of her classes remotely which would have been against the Union contract." (*Id*. ¶¶ 25-26.) Plaintiff acknowledged that she taught the classes remotely, but denied that doing so violated the contract. (*Id*.) On December 14, 2022, Plaintiff was allegedly called to a meeting with Hardie and Bailey and was falsely accused of not complying with the contract. (*Id*. ¶ 27.) In February 2023, Plaintiff was informed that the District was launching an investigation into her "poor attendance," "lack of having the requisite office hours and refusing to communicate with her students and staff." (*Id*. ¶ 28.) The complaint alleges this investigation was in reality an illegitimate effort to terminate her employment with the District. (Id.)

### E.    ALLEGED DEATH THREATS AGAINST PLAINTIFF

Plaintiff alleges that in 2006-2007, Plaintiff "had violent physical and credible threats from a student, William Wang, who wanted to murder her." (*Id*. ¶ 17.) The District allegedly "failed to provide her with the appropriate protection" or investigate her report. (*Id*.) For unstated reasons, Plaintiff waited 15-16 years to report the threats to campus police. (*Id*. at 9 n. 1 (first complaint filed on December 6, 2023.)) The complaint alleges the campus police chief's failure to adequately respond to her report was a "cover up." (*Id*.)

### III.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

10

1  allegations," it must contain "more than labels and conclusions" or "a formulaic
2  recitation of the elements of a cause of action." *Id.* at 555.

3      Allegations in a complaint need not be accepted as true if they "are merely
4  conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*
5  *v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "A claim has facial
6  plausibility when the plaintiff pleads factual content that allows the court to draw
7  the reasonable inference that the defendant is liable for the misconduct alleged."
8  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "The plausibility standard is not akin
9  to a 'probability requirement' but it asks for more than a sheer possibility that a
10 defendant has acted unlawfully" or "facts that are 'merely consistent with' a
11 defendant's liability." (*Id.*)

12 IV.  **LEGAL ARGUMENT**

13      A.    **THE FOURTH CLAIM FOR RELIEF FAILS TO STATE A**
14            **CLAIM FOR HARASSMENT IN VIOLATION OF THE FEHA**
15            1.    **The Claim is Based on Personnel Management Actions**

16      To state a FEHA harassment claim, a plaintiff must plead facts sufficient to
17 establish that (1) he was a member of a protected class; (2) he was subjected to
18 unwelcome harassment; (3) the harassment was based protected class; (4) the
19 harassment unreasonably interfered with his work performance by creating an
20 intimidating, hostile, or offensive work environment; and (5) the defendants are
21 liable for the harassment." *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860,
22 876 (2010). "Harassment claims are based on a type of conduct that is avoidable
23 and unnecessary to job performance." *Reno v. Baird*, 18 Cal.4th 640, 646-648
24 (1998).

25      The *Reno* court explained further that the Legislature intended that
26 "…commonly necessary personnel management actions such as…, job or project
27 assignments,… performance evaluations, the provision of support,… deciding who
28 will and who will not attend meetings,… and the like, ***do not*** come within the

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

11

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

meaning of harassment." *Reno,* 18 Cal.4th at 646-647 (emphasis added). In *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 79 (1996), the Court of Appeal held that allegations that the employer altered performance evaluations, accused employees of wrongdoing and failed to provide employees with work assignments fail to plead a harassment claim. *Janken*, 46 Cal.App.4th at 79. Rather, such allegations were "within the realm of properly delegated personnel management authority" and could not support a harassment claim as a matter of law.  (*Id.*)

Plaintiff's Fourth Claim for Relief is based upon the same type of conduct that was rejected in the *Janken* case. Plaintiff alleges that she was "threatened with suspension, given reprimands, bad evaluations, anticipated suspension, and denied reinstatement back to her job duties during and after her medical leave," and was also investigated for failure to perform her work duties. (Compl. ¶ 48.)[1] These are the exact type of allegations that cannot support a harassment claim. *Sendejas v. Coca-Cola Refreshments, USA, Inc.*, 2018 WL 2759391, *3 (C.D. Cal. 2018) (a claim for harassment "cannot be based on supervisory actions, such as 'hiring and firing, job or project assignments . . . performance evaluations . . . the assignment or non-assignment of supervisory functions, [etc.]")

## 2.    <u>The Complaint Does Not Plead Facts Sufficient to Demonstrate Harassment by *Each* Defendant</u>

To present a viable claim for harassment under the FEHA, a plaintiff must plead and prove the following essential elements: (1) plaintiff was a member of a protected class; (2) s/he was subjected to unwelcome harassment based on her/his protected class; and (3) the harassment was unreasonably severe and pervasive. *Thompson v. City of Monrovia*, 186 Cal.App.4th 860, 876 (2010); *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal.4th 121, 130 (1999). Here, the complaint fails to

---

[1] As noted above, the complaint does not allege Plaintiff ever returned from her medical leave, not does it explain how Plaintiff could be "denied reinstatement" *during* her leave, a period during which Plaintiff was, by definition, unable to perform her job duties.

12674307.3 CH020-114

plead facts showing harassment by each Individual Defendant.

**Bailey, Hardie and Hope**. The complaint contains virtually no allegations of specific conduct by Bailey, Hardie or Hope. It does not allege Plaintiff was subjected to race-based slurs, comments, or threats. Instead, the complaint offers mere vague, "them too" allegations. It alleges that "Chevalier, Hardie, Hope, and Bailey participated together in removing Dr. Alvarez from her scheduled courses and administrative duties" but does not allege ***how*** Bailey, Hardie or Hope did so nor does it explain how their actions fall outside normal supervisory functions. (Compl. ¶ 4; *see also id.* ¶ 12 ("Hope, Hardie and Bailey were doing all they could to engage in the pretextual investigation of Chevalier.")) Plaintiff alleges that the "District, Chevalier, Hardie, Hope and Bailey either directly or indirectly denied [Plaintiff's] grievance," without explaining what each Defendant did, how he or she "indirectly" denied the grievance, or how this conduct rose to the level of illegal harassment rather than a normal supervisory decision. (*Id.* ¶ 15.) These vague, conclusory allegations cannot support any claim for relief.

Hardie is also alleged to have failed to investigate Plaintiff's complaints about Chevalier, informed Plaintiff of the investigation into her poor work performance, and denied that Chevalier had harassed Plaintiff. (*Id.* ¶¶ 5, 27.) Even if true, these allegations constitute non-actionable personnel management actions, not "unreasonably severe and pervasive" harassment based on protected class.

**Chevalier**. Chevalier is alleged to have taken away Plaintiff's classes and administrative duties, "pressured" Plaintiff into giving unjustified "needs improvement" ratings on some faculty performance evaluations, required her to hold additional office hours, and criticized Plaintiff's job performance. (Compl. ¶¶ 4, 12, 14, 21, 24-25, 28.) As noted, these are classic personnel management actions that cannot support a FEHA harassment claim.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

13

### 3. The Complaint Does Not Plead Facts Showing a Causal Connection Between Defendants' Alleged Harassment and Plaintiff's Race

The complaint alleges that Plaintiff was harassed due to her race and her complaints about racial discrimination. (Compl. ¶¶ 48-51.) Not only are alleged complaints about racial discrimination not harassment based on protected class, but the complaint does not plead facts that demonstrate a causal nexus between Plaintiff's race or complaints and Defendants' supposed harassment. The complaint alleges that Chevalier began to "pressure, harass and intimidate" her immediately after he became Plaintiff's dean in 2018, but does not plead facts showing that he did so because of her race. (*Id.* ¶¶ 21-22.) Moreover, this alleged conduct occurred long before Plaintiff complained about his conduct in November 2022. (*See id.* ¶¶ 10-11, 26.) Defendants therefore cannot have harassed her ***because of*** her "complaints and protesting the discrimination against her based on her perceived race." (*Id.* ¶ 48.)

### B. THE SECOND, SIXTH, AND EIGHTH CLAIMS FAIL TO STATE CLAIMS FOR DISCRIMINATION OR FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA

The complaint pleads three FEHA discrimination claims: the Second Claim for Relief for failure to prevent discrimination, the Sixth Claim for Relief for disability discrimination, and the Eighth Claim for Relief for race discrimination. (Compl. at 20, 26, 28.)  None of these claims are properly pled.

### 1. The Claim for Disability Discrimination Fails

A prima facie case of disability discrimination requires the plaintiff to demonstrate (1) that she suffers from a disability, (2) that she is otherwise qualified to do her job and (3) that she suffered an adverse employment action because of the disability. *Faust v. California Portland Cement Co.*, 150 Cal.App.4th 864 (2007). When a plaintiff claims disability discrimination, courts have "generally required

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

14

MOTION TO DISMISS

the plaintiff to plead that disability with some factual specificity." *Madrigal v. Senior Aerospace SSP*, 2016 WL 4251573, *3 (C.D. Cal. 2016). In other words, a plaintiff presenting a claim for employment discrimination must allege ***facts*** demonstrating either directly or inferentially, a nexus between the employee's disability and the employer's adverse employment action." *Hatfield v. DaVita Healthcare Partners, Inc.*, 2015 WL 106632, *2 (N.D. Cal. 2015).

Here, the complaint lacks sufficient allegations to establish Plaintiff suffered from a disability at all. Rather, she vaguely alleges that she suffered from headaches, nausea and stress. Such conclusory allegations cannot support a claim for disability discrimination. *See, e.g., McKenna v. Permanente Medical Group, Inc.*, 894 F.Supp.2d 1258, 1278 (E.D. Cal. 2012) (plaintiff fails to state claim for disability discrimination where claims were "vague as to [the] alleged disability and fail[ed] to identify it precisely.")

In addition, Plaintiff does not allege facts supporting a nexus between any alleged disability and any adverse employment action. To the contrary, the complaint alleges that her headaches were the ***result***, not the cause, of Defendants' supposed misconduct. (*See, e.g.,* Compl. ¶ 10, 14.) Moreover, the complaint alleges that Plaintiff "informed" the District of her unspecified "illness" in March 2023, the month ***after*** she went out on medical leave. (*Id.*) The District therefore could not have discriminated against her on the basis of her alleged disability prior to March 2023, because the District was not yet aware of her "illness."

## 2.    The Claim for Racial Discrimination Fails

Like the disability discrimination claim, the claim for discrimination on the basis of race is based on conclusory allegations, not properly plead facts. The complaint repeatedly asserts that Plaintiff was mistreated due to her perceived race (Latina). (*See, e.g.,* Compl. ¶¶ 37, 43, 48, 62-63.) But the Court need not accept a "legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). The claim fails because the complaint does not plead ***facts*** establishing

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

15

1  any incidents of discrimination or that Plaintiff's alleged mistreatment was

2  motivated by racial animus. (*See id.* ¶¶ 10-34 (factual allegation section of

3  complaint.))

4       Instead, the complaint simply declares, in conclusory fashion, that the alleged

5  negative treatment she experienced were "incidents of discrimination, harassment,

6  and retaliation." (*Id.* ¶ 16.) For example, the complaint states that "Defendants

7  referred to Dr. Alvarez and treated Dr. Alvarez as if she is of Mexican

8  American/Latina/Hispanic [sic] and would have done the same if they knew she

9  was of Native American descent." (*Id.* ¶ 37.) But it does not identify a single

10  instance on which any Defendant "referred to" Plaintiff as Mexican American,

11  Latina or Hispanic -- much less plead facts showing that the mere reference to her

12  perceived race constituted an adverse employment action.

13       **3.**     **The Claim for Failure to Prevent Discrimination Fails**

14       Plaintiff's failure to sufficiently allege racial or disability discrimination

15  claim necessarily means the Second Claim for failure to prevent discrimination also

16  fails. *Trujillo v. North County Transit Dist.*, 63 Cal.App.4th 280, 289 (1998)

17  (employee who has not been discriminated against cannot sue for failure to prevent

18  discrimination).

19       The Second Claim also fails because it is impermissibly uncertain. The claim

20  is styled a claim for "failure to prevent discrimination in employment" but alleges

21  that the District violated "California Government Code § 12940 et seq." (Compl. at

22  20:10-12.) Section 12940 prohibits a variety of conduct in addition to the failure to

23  prevent actionable discrimination. (*See* Gov. Code §§ 12940 (a).) This uncertainty

24  violated FRCP 8(a)(2)'s requirement that the complaint contain a "short and plain

25  statement of the claim showing the pleader is entitled to relief." Rule 8(a)(2)

26  requires a plaintiff to state his claims with sufficient clarity to "give the defendant

27  fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*,

28  550 U.S. at 548. "Under Rule 8(a), a complaint must do more than name laws that

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

16

may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. . . . In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." *Anderson v. United States HUD*, 554 F.3d 525, 528 (5th Cir. 2008). Plaintiff's allegation that the District violated "California Government Code § 12940 et seq." fails to give the District fair notice of the claim(s) asserted against it.

The claim also violates Rule 8(a)(2) in that it does not specify what kind of discrimination it alleges the District failed to prevent. Instead, it offers only the conclusory statement that the District "failed to prevent the discrimination from occurring, whether the discrimination was based on race, ethnicity, national origin, color, physical and/or mental disabilities, and because she engaged in the protected activity of complaining about discrimination verbally or in writing." (Compl. ¶ 39). This laundry list confuses rather than illuminates, and in doing so also violates Rule 8(a)(2).

## C.   THE FIRST CLAIM FAILS TO STATE A CLAIM FOR VIOLATION OF 42 U.S.C. SECTION 1981

The First Claim for Relief for racial discrimination in violation of 42 U.S.C. section 1981 fails for the reasons discussed above. The complaint alleges Plaintiff suffered mistreatment "because she is an [sic] predominantly Spanish/Native American but mischaracterized as a Latina." (Compl. ¶ 37.) However, as discussed above, the complaint does not plead facts demonstrating that any alleged mistreatment was motivated by racial animus. The complaint's conclusory allegations of discrimination do not suffice to state a claim. *Sprewell*, 266 F.3d at 988.

## D.   THE THIRD CLAIM FAILS TO STATE A CLAIM FOR RETALIATION IN VIOLATION OF THE FEHA

The Third Claim for Relief alleges that Defendants retaliated against Plaintiff "because of her complaints and protesting discrimination against her based on

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

17

MOTION TO DISMISS

perceived racial classification discrimination." (Compl. ¶ 42.) To plead a *prima facie* claim of retaliation, Plaintiff must allege (1) that she engaged in a protected activity; (2) the District subjected her to adverse employment action; and (3) there is a causal link between the protected activity and the District's action. *Sada v. Robert F. Kennedy Medical Center*, 56 Cal.App.4th 138, 155-156 (1997). Retaliation under FEHA does not protect every type of retaliation that may occur in the workplace, but only complaints about conduct prohibited by the FEHA, such as discrimination or harassment. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1044 (2005).

It is well-settled that retaliation claims are "inherently fact-specific" and that an "employee's unarticulated belief that an employer is engaging in discrimination will not suffice to establish protected conduct for purposes of establishing a prima facie case of retaliation." *Husman v. Toyota Motor Credit Corp.*, 12 Cal.App.5th 1168, 1193 (2017). Indeed, "complaints about personal grievances or vague or conclusory remarks that fail to put an employer on notice as to what conduct it should investigate will not suffice to establish protected conduct." *Guyton v. Nove Nordisk, Inc.*, 151 F.Supp.3d 1057, 1073 (C.D. Cal. 2015).

Plaintiff's retaliation claim fails because, as discussed above, the complaint does not plead facts sufficient to demonstrate a causal link between her alleged protected activity and any alleged adverse employment action. The complaint makes clear that Plaintiff lodged her first complaint on November 8, 2022. (Compl. ¶¶ 10-11, 26.) Her complaint was about Chevalier allegedly taking away her duties and accusing her of failing to teach her classes in-person. (*Id.*) Plaintiff then stopped working and went out on medical leave on February 27, 2023. (*Id.* ¶ 26.) The only event that allegedly took place between her complaint and medical leave was that she was questioned about her failure to teach classes in-person. (*Id.* ¶¶ 27-28.) The complaint does not plead facts sufficient to establish that she was questioned because she lodged a complaint against Chevalier. Therefore, the

18

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1    retaliation claim should be dismissed.

2    **E.    THE FIFTH AND NINTH CLAIMS FAIL TO STATE CLAIMS**

3    **FOR VIOLATION OF 42 U.S.C. SECTION 1983**

4    The complaint asserts two claims for violation of 42 U.S.C. section 1893.

5    The Fifth Claim for Relief alleges the Individual Defendants violated Plaintiff's

6    "protected expressions/freedom of speech" based on her "Union Rights," while the

7    Ninth Claim for Relief alleges they violated Plaintiff's "protected speech, equal

8    protection." (*Id*. ¶ 64-65.) Neither states a valid claim.

9    **1.    The Complaint Fails to State a Claim Based on "Union**

10    **Rights"**

11    The elements for a Section 1983 claim are "(1) a violation of rights protected

12    by the Constitution or created by federal statute, (2) proximately caused (3) by

13    conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947

14    F.2d 1418, 1420 (9th Cir. 1991). As noted, the Fifth Claim for Relief alleges

15    Defendants violated Plaintiff's "protected expressions/freedom of speech . . .

16    pursuant to 42 section [sic] 1983 for Union Rights." (Comp. ¶ 53.) But, among

17    other defects, the complaint does not identify the "union rights" on which the claim

18    is based or identify how, if at all, the union rights are "protected by the Constitution

19    or created by federal statute." At most, the complaint suggests that Chevalier took

20    away Plaintiff's teaching duties in violation of the Union's ***contract*** with the

21    District. (Compl. ¶ 11.) But it does not plead facts showing that Plaintiff's alleged

22    contractual rights constitute rights "protected by the Constitution or created by

23    federal statute" required to state a Section 1983 action.

24    **2.    The Complaint Fails to Plead Facts Demonstrating a Causal**

25    **Nexus Between Plaintiff's Alleged Complaints and Any**

26    **Adverse Action by Defendants**

27    The complaint does not plead facts sufficient to demonstrate that she suffered

28    any violation of her constitutional or federal statutory rights caused by Defendants.

LIEBERT  CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

19

As noted, Plaintiff alleges that she first lodged a complaint about Chevalier in November 2022 after he allegedly took away her teaching duties and accused her of poor work performance. (Compl. ¶ 26.) The complaint alleges that she thereafter repeatedly lodged complaints with the campus police regarding alleged threats made by a student, met with Hardie and Bailey to discuss her grievance, emailed Hardie regarding her grievance and "illness." (Compl. ¶¶ 18-19, 27, 30.) Nothing in the complaint demonstrates that any Defendant prevented Plaintiff from exercising her rights to "freedom of speech."

### 3.    The Complaint Fails to Allege Personal Participation in the Alleged Rights Violation by Bailey, Hardie or Hope

To be individually liable under Section 1983, an individual must have *personally participated* in an alleged rights deprivation. *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002). "Vague and conclusory allegations of participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Lake v. Baca*, 2007 WL 9706773, *2 (C.D. Cal. 2007). As discussed above, the complaint does not plead facts showing that Bailey, Hardie or Hope personally participated in any alleged violation of Plaintiff's rights.

## F.    THE SEVENTH AND TENTH CLAIMS FAIL TO STATE CLAIMS FOR VIOLATION OF THE REHABILITATION ACT OF 1973

The Seventh and Tenth Claims for Relief allege that the District violated Section 504 of the Rehabilitation Act of 1973 by failing to accommodate Plaintiff's alleged disability. (*See* Compl. at 26-27, 31-32.) The standards for determining a violation of Section 504 are the same as those applied under the Americans with Disabilities Act. (*See* 29 U.S.C. § 794(d)). Under the ADA, a plaintiff must plead that the Defendant ***knew or had reason to know*** that the Plaintiff (1) has a disability, (2) was experiencing workplace problems because of the disability and (3) ***the disability prevented Plaintiff from requesting a reasonable***

20

*accommodation*. Plaintiff must also demonstrate that the Defendant could have made a reasonable accommodation that would have enabled the plaintiff to perform the essential functions of the job. (9th Cir. Manual of Model Jury Instr. No. 12.8.)

The Seventh and Tenth Claims for Relief fail to satisfy these pleading requirements. As discussed above, the complaint fails to adequately allege that Plaintiff had a disability, and it does not allege at all that Plaintiff requested an accommodation before she went out on medical leave in February 2023 and before she informed the District of her alleged disability in March 2023. (*See* Compl. ¶ 30.) Nor does the complaint plead facts showing what, if any, accommodation was possible or that the District refused to grant that accommodation. Instead, the complaint repeats mere boilerplate allegations devoid of substance. (*See, e.g., id.* ¶¶ 58-59, 67-68 (boilerplate allegations.) The Court should dismiss these claims for failure to state valid claims under Section 504.

## V.    <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants respectfully request that the Court dismiss all claims in the complaint.

Dated:  December 4, 2024                    LIEBERT CASSIDY WHITMORE

By:   */s/ Viddell Lee Heard*
Mark H. Meyerhoff
Viddell Lee Heard
Attorneys for Defendants
CHAFFEY COMMUNITY
COLLEGE, JASON
CHEVALIER, SUSAN HARDIE,
LAURA HOPE, and LISA
BAILEY

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

21

12674307.3 CH020-114