UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 24-1781 JGB (SHKx) | Date | January 10, 2025 |
|---|---|---|---|
| Title | *Joann Madrid Alvarez v. Chaffey Community College District, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING AS MOOT Defendants' Motion to Dismiss (Dkt. No. 18); and (2) VACATING the January 13, 2025 Hearing (IN CHAMBERS)

    Before the Court is Chaffey Community College District, Lisa Bailey, Jason Chevalier, Susan Hardie, and Laura Hope's (collectively "Defendants") motion to dismiss Joann Madrid Alvarez's, Ph.D., ("Alvarez" or "Plaintiff") complaint. ("MTD" or "Motion," Dkt. No. 18.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court **DENIES** the Motion **AS MOOT**. The Court **VACATES** the January 13, 2025 hearing.

    On August 20, 2024, Plaintiff filed a complaint against Defendants, asserting the following claims: (1) violation of the Civil Rights Act, 42 U.S.C. § 1981; (2) violation of California Government Code, § 12940, et seq.; (3) violation of California Fair Employment and Housing Act ("FEHA") due to retaliation, harassment, and disability and race discrimination; (4) violation of protected expression/freedom of speech and equal protection, 42 U.S.C. § 1983; (5) violation of the Rehabilitation Act of 1973, § 504; and (6) failure to accommodate and engage in interactive process. ("Complaint," Dkt. No. 1.) On December 4, 2024, Defendants filed a motion to dismiss the Complaint. (Motion.) On December 30, 2024, Plaintiff filed a first amended complaint against all Defendants. ("FAC," Dkt. No. 22.) As of the date of this Order, Plaintiff has not opposed the Motion.

    Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),

(e), or (f)." Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) applies in all other instances and requires that prior to amending its pleading, a party must first obtain leave of the Court or the opposing party's written consent. See Fed. R. Civ. P. 15(a)(2). Moreover, under Federal Rule of Civil Procedure 6, "[w]hen the period is stated in days or a longer unit of time: (A) [the party is to] exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1).

Here, the event that triggered the twenty-one day deadline to file an amended pleading without leave of the Court is December 4, 2024 when Defendants filed the MTD. (See Motion); Fed. R. Civ. P. 15(a)(1). Counting forwards twenty-one days including weekends and legal holidays, the deadline for filing the FAC without leave of the Court was December 26, 2024. Although Plaintiff filed the FAC, without leave of the Court, on December 30, 2024, for judicial economy and efficiency purposes, the Court accepts Plaintiff's FAC as filed. The Court cautions Plaintiff that failure to comply with local and federal rules of civil procedure in the future "may be deemed consent to the granting or denial of the motion." See L.R. 7-12.

Moreover, because the Court accepts the FAC as filed, the Court deems the Complaint null and void, and the Motion moot. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent . . . [and b]ecause the Defendants' motion to dismiss targeted the Plaintiff's [] Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot . . .") (internal quotations omitted); Rodriguez v. Zenni Optical, Inc., 2023 WL 3612392, at *1 (S.D. Cal. May 23, 2023) (denying as moot motion to dismiss when, "in lieu of filing an opposition to the motion to dismiss, [the plaintiff] filed a first amended complaint"); Frazier v. City of Fresno, 2023 WL 1786228, at *1 (E.D. Cal. Feb. 6, 2023) ("Once an amended complaint is filed, the previous complaint becomes null and void, and generally any pending motion to dismiss that was directed at the previous pleading will be thus rendered moot.").

"However, a court may decline to deny as moot a motion to dismiss filed prior to an amended complaint when the amended complaint suffers from the same deficiencies as the original complaint" and "when the amended complaint is substantially identical to the original complaint, [the] amended complaint will not moot [a] pending motion to dismiss." Skistimas v. Hotworx Franchising LLC, 2024 WL 3401023, at *1 (W.D. Wash. July 12, 2024) (internal quotations omitted). Here, although the FAC alleges the same claims against the same Defendants, the FAC includes additional facts and an exhibit—Exhibit H or the contemporaneous notes by Plaintiff—which may address the Complaint's deficiencies as alleged in the Motion. (See FAC; FAC, Ex. G; Complaint; MTD.) Accordingly, the Court **DENIES** the Motion as **MOOT**, and **VACATES** the January 13, 2025 hearing. Defendants shall file a responsive pleading no later than **February 7, 2025**.

**IT IS SO ORDERED.**