1  Mark H. Meyerhoff, Bar No. 180414
   mmeyerhoff@lcwlegal.com
2  Viddell Lee Heard, Bar No. 175049
   lheard@lcwlegal.com
3  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
4  6033 West Century Boulevard, 5th Floor
   Los Angeles, California 90045
5  Telephone:  310.981.2000
   Facsimile:  310.337.0837
6
7  Attorneys for Defendants CHAFFEY COMMUNITY
   COLLEGE, JASON CHEVALIER, SUSAN HARDIE,
   LAURA HOPE, and LISA BAILEY
8

9                    UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  JOANN MADRID ALVAREZ,              Case No.:  5:24-cv-01781-JGB-SHK
    Ph.D.,
13                                     Complaint Filed: August 30, 2024
                    Plaintiff,
                                       **NOTICE OF MOTION AND MOTION**
14        v.                           **TO DISMISS SECOND AMENDED**
                                       **COMPLAINT**
15  CHAFFEY COMMUNITY
    COLLEGE, JASON CHEVALIER,          Date:   April 28, 2025
16  SUSAN HARDIE, LAURA HOPE,          Time:  9:00 a.m.
    LISA BAILEY, and DOES 1            Ctrm:  1
17  through 10, Inclusive,

18                    Defendants.

19

20

21

22

23

24

25  **TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

26        **PLEASE TAKE NOTICE THAT** on April 28, 2025, at 9:00 a.m., or as

27  soon thereafter as the matter may be heard in Courtroom 1, located at 3470 Twelfth

28  Street, Riverside, California 92501-3801, Defendants Chaffey Community College

1

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

12811856.3 CH020-114

District, Lisa Bailey, Jason Chevalier, Susan Hardie, and Laura Hope (collectively "Defendants") will and hereby do move to dismiss all claims for relief in the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

As more fully explained in the accompanying Declaration of Viddell Lee Heard, this motion is made following counsel for Defendants' unsuccessful attempt to confer with Plaintiff's counsel as required by L.R. 7-3. *See* Heard Decl. ¶¶ 2-5.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying Heard Declaration, all pleadings and papers filed in this case, and any other oral and documentary evidence as may be presented thereafter.

Dated:  March 21, 2025                    LIEBERT CASSIDY WHITMORE


By:   */s/ Viddell Lee Heard*
        Mark H. Meyerhoff
        Viddell Lee Heard
        Attorneys for Defendants
        CHAFFEY COMMUNITY
        COLLEGE, JASON
        CHEVALIER, SUSAN HARDIE,
        LAURA HOPE, and LISA
        BAILEY

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

2

12811856.3 CH020-114

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................ 7

II. OVERVIEW OF FACTUAL ALLEGATIONS IN THE SAC ...................... 7

   A. PARTIES ................................................................................ 7

   B. ALLEGATIONS REGARDING PLAINTIFF'S ALLEGED DISABILITY ................................................................ 8

   C. ALLEGATIONS REGARDING ALLEGED MISTREATMENT OF PLAINTIF ........................................ 9

   D. THE DISTRICT'S INVESTIGATION INTO PLAINTIFF'S POOR WORK PERFORMANCE ........................... 10

   E. ALLEGED DEATH THREATS AGAINST PLAINTIFF ............... 10

III. LEGAL STANDARD ....................................................................... 10

IV. LEGAL ARGUMENT ...................................................................... 11

   A. THE FOURTH CLAIM FOR RELIEF FAILS TO STATE A CLAIM FOR HARASSMENT IN VIOLATION OF THE FEHA ....................................................... 11

      1. The Claim is Based on Personnel Management Actions ................................................................. 11

      2. The SAC Does Not Plead Facts Sufficient to Demonstrate Harassment by *Each* Defendant ............ 12

      3. The SAC Does Not Plead Facts Showing a Causal Connection Between Defendants' Alleged Harassment and Plaintiff's Race ............................... 14

   B. THE SECOND, SIXTH, AND EIGHTH CLAIMS DO NOT STATE CLAIMS FOR DISCRIMINATION OR FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA .......................................... 14

      1. The Claim for Disability Discrimination Fails ......... 14

      2. The Claim for Race Discrimination Fails ................ 15

      3. The Claim for Failure to Prevent Discrimination Fails .................................................................... 16

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

3

MOTION TO DISMISS

12811856.3 CH020-114

C.   THE FIRST CLAIM FAILS TO STATE A CLAIM FOR VIOLATION OF 42 U.S.C. SECTION 1981...................................17

D.   THE THIRD CLAIM FAILS TO STATE A CLAIM FOR RETALIATION IN VIOLATION OF THE FEHA ...........................18

E.   THE FIFTH AND NINTH CLAIMS FAIL TO STATE CLAIMS FOR VIOLATION OF 42 U.S.C. SECTION 1983...................................................................................................19

    1.   The SAC Fails to State a Claim Based on "Union Rights".......................................................................19

    2.   The SAC Does Not Plead Facts Demonstrating a Causal Nexus Between Plaintiff's Alleged Complaints and Any Adverse Action by Defendants.....................................................................20

    3.   The SAC Does Not Allege Personal Participation in the Alleged Rights Violation by Bailey, Hardie or Hope...................................................................................20

F.   THE SEVENTH AND TENTH CLAIMS FAIL TO STATE CLAIMS FOR VIOLATION OF THE REHABILITATION ACT OF 1973...................................20

V.   CONCLUSION ...........................................................................21

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

4

12811856.3 CH020-114

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Federal Cases**

4

*Anderson v. United States HUD*
554 F.3d 525, 528 (5th Cir. 2008)............................................................17

5

6

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ...............................................................................11

7

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ...............................................................................11

8

9

*Bell Atl. Corp. v. Twombly*
550 U.S. 544, 548 (2007) ........................................................................16

10

*Crumpton v. Gates*
947 F.2d 1418, 1420 (9th Cir. 1991) .........................................................19

11

12

*Guyton v. Nove Nordisk, Inc.*
151 F.Supp.3d 1057, 1073 (C.D. Cal. 2015) ...............................................18

13

*Hatfield v. DaVita Healthcare Partners, Inc.*
2015 WL 106632, *2 (N.D. Cal. 2015) ......................................................15

14

15

*Jones v. Williams*
297 F.3d 930, 934 (9th Cir. 2002) .............................................................20

16

*Lake v. Baca*
2007 WL 9706773, *2 (C.D. Cal. 2007) .....................................................20

17

18

*Madrigal v. Senior Aerospace SSP*
2016 WL 4251573, *3 (C.D. Cal. 2016) .....................................................15

19

*McKenna v. Permanente Medical Group, Inc.*
894 F.Supp.2d 1258, 1278 (E.D. Cal. 2012) ...............................................15

20

21

*Papasan v. Allain*
478 U.S. 265 (1986) ...............................................................................11

22

*Papasan v. Allain*
478 U.S. 265, 286 (1986) ........................................................................15

23

24

*Sendejas v. Coca-Cola Refreshments, USA, Inc.*
2018 WL 2759391, *3 (C.D. Cal. 2018) .....................................................12

25

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001) ...................................................................11

26

27

*Sprewell*, 266 F.3d at 988 .......................................................................17

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

MOTION TO DISMISS

12811856.3 CH020-114

## State Cases

*Faust v. California Portland Cement Co.,*
150 Cal.App.4th 864 (2007) ...................................................................... 14

*Husman v. Toyota Motor Credit Corp.*
12 Cal.App.5th 1168, 1193 (2017) ............................................................. 18

*Janken v. GM Hughes Electronics*
46 Cal.App.4th 55, 79 (1996) ..................................................................... 12

*Reno v. Baird*
18 Cal.4th 640, 646-648 (1998) ................................................................. 11

*Reno,* 18 Cal.4th at 646 ................................................................................ 12

*Thompson v. City of Monrovia*
186 Cal. App. 4th 860, 876 (2010) ............................................................. 11

*Trujillo v. North County Transit Dist.*
63 Cal.App.4th 280, 289 (1998) ................................................................. 16

*Yanowitz v. L'Oreal USA, Inc.*
36 Cal. 4th 1028, 1044 (2005) ................................................................... 18

## State Statutes

California Government Code § 12940 et seq. .............................................. 16

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

MOTION TO DISMISS

12811856.3 CH020-114

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

As explained below, Plaintiff Joann Alvarez's indefinite, vague and uncertain Second Amended Complaint fails to state valid claims against Defendants Chaffey Community College District, Lisa Bailey, Jason Chevalier, Susan Hardie, and Laura Hope.

First, the SAC pleads several claims for discrimination or harassment based on Plaintiff's race or disability status, but does not plead facts to substantiate those claims. The fact section of the SAC hardly references Plaintiff's race or supposed disability at all, and nowhere states facts demonstrating wrongful conduct motivated by these characteristics.

Second, the SAC pleads claims alleging that Defendants retaliated against Plaintiff because of her complaints about discrimination against her. These claims fail because the SAC does not plead facts sufficient to establish a causal link between her alleged protected speech and Defendants' alleged retaliatory conduct.

Third, Plaintiff's claim for harassment in violation of the Fair Employment and Housing Act (FEHA) fails because it alleges that Defendants harassed her by giving her bad performance evaluations, taking away some of her job duties, and criticizing her work performance. California law makes clear, however, that such "commonly necessary personnel management actions" do not come within the meaning of harassment under the FEHA.

Plaintiff has had three opportunities to cure these defects, but refuses to do so. Defendants therefore respectfully request the Court grant this motion to dismiss.

### II.    OVERVIEW OF FACTUAL ALLEGATIONS IN THE SAC

#### A.    PARTIES

The SAC alleges that Plaintiff is a "professor and administrator" for the District. (SAC ¶ 3.) Hardie is allegedly the Director of the District's "Human Resources Office" and Chevalier was allegedly "Dr. Alvarez's new Dean"

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

7

beginning in 2018. (*Id.* ¶¶ 17, 26.)

## B. ALLEGATIONS REGARDING PLAINTIFF'S ALLEGED DISABILITY

The SAC alleges Plaintiff had "multiple illnesses" for which "the symptoms she experienced began around late October 2022." (*Id.* ¶ 9.) The SAC does not identify the nature of any of these "illnesses", other than to describe them as "serious" and that she experiences "daily headaches," "pressure in her chest," nausea, and negative feelings." (*Id.* ¶ 31.) Plaintiff vaguely alleges that she "inform[ed] the District that she has a serious illness" by email on March 23, 2023. (*Id.* ¶ 26.)

Plaintiff alleges she was "placed on a medical leave" in February 2023 and remained on leave until at least June 2024. (*Id.* ¶¶ 4, 22.) Importantly, the SAC does not allege Plaintiff experienced any negative treatment by the District after February 2023, when Defendants informed her that "the District was launching an investigation against her about poor attendance" and failure to keep "the requisite office hours" or "communicate with her students and the staff." (*Id.* ¶ 24.) The SAC makes a brief reference to Plaintiff having been "denied reinstatement" but pleads no facts to support that reference (e.g., that Plaintiff was cleared to return from leave, that she requested to return from leave, that she actually returned from leave, when she returned, or that the District refused to reinstate her.)

Similarly, the SAC alleges that the District did not accommodate Plaintiff's alleged disability, but does not allege any facts relating to what accommodations were requested, whether any requested accommodation were reasonable, or how the District responded to Plaintiff's alleged accommodation requests. (*See id.* ¶¶ 58-59, 67.) The words "accommodate" or "accommodated" do not even appear in the factual allegation section of the SAC. (*See id.* ¶¶ 9-31.) Indeed, the SAC alleges that Plaintiff's *own physicians* placed her on a medical leave from February 2023 to at least June 2024 (*id.* ¶ 22), which precludes any contention that Defendants

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

8

12811856.3 CH020-114

1  refused to accommodate her, or prevented her from returning to work.

2  **C.    ALLEGATIONS REGARDING ALLEGED MISTREATMENT**

3  **OF PLAINTIF**

4      The SAC alleges Plaintiff is "Native American" but Defendants allegedly

5  "referred to Dr. Alvarez and treated Dr. Alvarez as if she is of Mexican

6  American/Latina/Hispanic." (*Id*. ¶¶ 37, 63.) It further alleges that Plaintiff lodged

7  complaints and grievances about "intentional disparate treatment" on the basis of

8  her race on November 8, 2022 after Chevalier began to take away Plaintiff's

9  teaching duties. (*Id*. ¶¶ 3-4, 10-12, 22) Chevalier also allegedly forced Plaintiff to

10  hold additional office hours. (Id. ¶ 20.)

11      The SAC also alleges – in conclusory fashion -- that "Hope, Hardie, and

12  Bailey joined in with Chevalier" but the SAC does not specify what, if anything,

13  anything these individual defendants did in that regard. (*Id*. ¶ 11.) The SAC further

14  alleges that Plaintiff's "administrative duties were taken away" but does not allege

15  which, if any, Defendant took them away. (*Id*.)

16      The SAC also alleges the District "did nothing" in response to Plaintiff's

17  complaints, though it later acknowledges the District sought to mediate her

18  complaints. (*Id*. ¶¶11, 26, 30, 48.) She vaguely alleges that the "District, Chevalier,

19  Hardie, Hope and Bailey either directly or indirectly denied [her] grievance" but

20  does not explain how or when they did so. (*Id*. ¶ 11.) Rather, the SAC states only

21  that Plaintiff was told by some unspecified person that her courses "did not meet

22  the needs of the District." (*Id*.)

23      The SAC alleges that in the "academic years of 2007 to 2018, [Plaintiff] was

24  scrutinized unlike any other faculty members and was given unfair evaluations."

25  (*Id*. ¶ 12.) However, the SAC does not provide details regarding the nature of that

26  alleged scrutiny other than a vague reference to a "computer search" and being the

27  "object of surveillance," or provide details of the evaluations which were given far

28  outside any applicable statute of limitations. Chevalier also allegedly asked Plaintiff

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

9

to give unfairly negative evaluations to *other* faculty members. (*Id*. ¶¶ 17-19.)

The SAC similarly alleges Plaintiff was "subjected to threats, bullying, being followed even to the restroom, stalking, and intimidation by [the] District's administration and Individual Defendants." (*Id*. ¶ 15.) Here again, the SAC does not plead facts to support these conclusory assertions.

### D.   THE DISTRICT'S INVESTIGATION INTO PLAINTIFF'S POOR WORK PERFORMANCE

The SAC alleges that in October 2022, Chevalier stated that Plaintiff "taught two of her classes remotely which would have been against the Union contract." (*Id*. ¶ 21.) Plaintiff acknowledged that she taught the classes remotely, but denied that doing so violated the contract. (*Id*.) On December 14, 2022, Plaintiff was allegedly called to a meeting with Hardie and Bailey and was falsely accused of not complying with the contract. (*Id*. ¶ 23.) In February 2023, Plaintiff was informed that the District was launching an investigation into her "poor attendance," "lack of her having the requisite office hours and refusing to communicate with her students and staff." (*Id*. ¶ 24.) The SAC alleges this investigation was an illegitimate effort to terminate her employment with the District. (*Id*. ¶¶ 24-26)

### E.   ALLEGED DEATH THREATS AGAINST PLAINTIFF

Plaintiff alleges that in 2006-2007, Plaintiff "had violent physical and credible threats from a student, William Wang, who wanted to murder her." (*Id*. ¶ 13.) The District allegedly "failed to provide her with the appropriate protection" or investigate her report. (*Id*.) For unstated reasons, Plaintiff waited 16 years to report Mr. Wang's alleged threats to campus police. (*Id*. at 11 n. 1 (first complaint filed on December 5, 2023).) The SAC alleges the campus police chief's failure to adequately respond to her belated report was a "cover up." (*Id*.)

### III.   <u>LEGAL STANDARD</u>

To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

10

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Allegations in a complaint need not be accepted as true if they "are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability."  (*Id.*)

IV.    **LEGAL ARGUMENT**

    A.    **THE FOURTH CLAIM FOR RELIEF FAILS TO STATE A CLAIM FOR HARASSMENT IN VIOLATION OF THE FEHA**

        1.    **The Claim is Based on Personnel Management Actions**

To state a FEHA harassment claim, a plaintiff must plead facts sufficient to establish that (1) she was a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based upon a protected class; (4) the harassment unreasonably interfered with her work performance by creating an intimidating, hostile, or offensive work environment; and (5) the defendants are liable for the harassment." *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 876 (2010). FEHA "harassment claims are based on a type of conduct that is avoidable and unnecessary to job performance." *Reno v. Baird*, 18 Cal.4th 640, 646-648 (1998).

The *Reno* court explained further that the Legislature intended that "…commonly necessary personnel management actions such as…, job or project assignments,… performance evaluations, the provision of support,… deciding who

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

will and who will not attend meetings,… and the like, do not come within the meaning of harassment." *Reno,* 18 Cal.4th at 646-647. In *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 79 (1996), the Court of Appeal held that allegations that the employer altered performance evaluations, accused employees of wrongdoing and failed to provide employees with work assignments fail to plead a FEHA harassment claim. *Janken*, 46 Cal.App.4th at 79. Rather, such allegations were "within the realm of properly delegated personnel management authority" and could not support a harassment claim as a matter of law. (*Id.*)

Plaintiff's Fourth Claim for Relief is based upon the same type of conduct that was rejected in the *Janken* case. Plaintiff alleges harassment based on claims that she was "threatened with suspension, given reprimands, bad evaluations, anticipated suspension, and denied reinstatement back to her job duties during and after her medical leave," and was also investigated for failure to perform her work duties. (SAC ¶ 48.)[1] These personnel management actions cannot support a FEHA harassment claim as a matter of law. *Sendejas v. Coca-Cola Refreshments, USA, Inc.*, 2018 WL 2759391, *3 (C.D. Cal. 2018) (a claim for harassment "cannot be based on supervisory actions, such as 'hiring and firing, job or project assignments . . . performance evaluations . . . the assignment or non-assignment of supervisory functions, [etc.]")

### 2.    The SAC Does Not Plead Facts Sufficient to Demonstrate Harassment by *Each* Defendant

As explained below, the SAC fails to plead facts showing harassment by each Individual Defendant.

**Bailey, Hardie and Hope**. The SAC contains virtually no allegations of

---

[1] As noted above, the SAC does not allege Plaintiff ever returned from her medical leave or explain how she could be "denied reinstatement" *during* her leave, when she was off work. (*See* SAC  since the SAC acknowledges that Plaintiff stopped working admits that she was unable to perform her job duties during her leave. (*See* SAC ¶ 22.)

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

12

specific conduct by Bailey, Hardie or Hope, let alone conduct sufficient to state a harassment claim. The SAC does not allege Plaintiff was subjected to race-based slurs, comments, or threats. Instead, the SAC offers mere vague, "them too" allegations. It alleges that "Chevalier, Hardie, Hope, and Bailey participated together in removing Dr. Alvarez from her scheduled courses and administrative duties" but does not allege **how** Bailey, Hardie or Hope did so. Nor does it explain how their actions fall outside normal supervisory functions, or how such actions related to any protected classification. (SAC ¶ 3; *see also id.* ¶ 11 ("Hope, Hardie and Bailey were doing all they could to engage in the pretextual investigation of Chevalier.")) Plaintiff also alleges that the "District, Chevalier, Hardie, Hope and Bailey either directly or indirectly denied [Plaintiff's] grievance," without explaining what *each* Defendant did, how he or she "indirectly" denied the grievance, how such conduct related to a protected classification, or how this conduct rose to the level of harassment rather than a normal supervisory decision. (*Id.* ¶ 11.) These vague, conclusory allegations cannot support any claim for relief.

Hardie is also alleged to have failed to investigate Plaintiff's complaints about Chevalier, informed Plaintiff of the investigation into her poor work performance, and denied that Chevalier had harassed Plaintiff. (*Id.* ¶¶ 4, 23.) Even if true, these allegations constitute non-actionable personnel management actions, not "unreasonably severe and pervasive" harassment based on protected class.

**Chevalier**. Chevalier is alleged to have taken away Plaintiff's classes and administrative duties, "pressured" Plaintiff into giving unjustified "needs improvement" ratings on some faculty performance evaluations, required her to hold additional office hours, and criticized Plaintiff's job performance. (SAC ¶¶ 2, 4, 11, 17-21.) As noted, these are classic personnel management actions that cannot support a FEHA harassment claim.

///

///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

13

MOTION TO DISMISS

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

### 3. The SAC Does Not Plead Facts Showing a Causal Connection Between Defendants' Alleged Harassment and Plaintiff's Race

The SAC alleges that Plaintiff was harassed due to her race and her complaints about racial discrimination. (SAC ¶¶ 48-51.) However, the SAC does not plead facts that demonstrate any causal nexus between Plaintiff's race or complaints and Defendants' supposed harassment. The SAC alleges that Chevalier began to "pressure, harass and intimidate" Plaintiff immediately after he became Plaintiff's dean in 2018, but does not plead facts showing that he did so *because of* her actual or perceived race. (*Id.* ¶¶ 17-18.) Moreover, this alleged conduct occurred long before Plaintiff complained about his conduct in November 2022. (*See id.* ¶¶ 9-11, 22.) Defendants therefore cannot have harassed her *because of* her "complaints and protesting the discrimination against her based on her perceived racial classification discrimination." (*Id.* ¶ 42.)

## B. THE SECOND, SIXTH, AND EIGHTH CLAIMS DO NOT STATE CLAIMS FOR DISCRIMINATION OR FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA

The SAC includes three FEHA discrimination claims: the Second Claim for failure to prevent discrimination, the Sixth Claim for disability discrimination, and the Eighth Claim for race discrimination. (SAC at 21, 27, 29.) None of these claims are validly pled.

### 1. The Claim for Disability Discrimination Fails

A prima facie case of disability discrimination requires the plaintiff to demonstrate (1) that she suffers from a disability, (2) that she is otherwise qualified to do her job and (3) that she suffered an adverse employment action because of the disability. *Faust v. California Portland Cement Co.*, 150 Cal.App.4th 864 (2007). When a plaintiff claims disability discrimination, courts have "generally required the plaintiff to plead that disability with some factual specificity." *Madrigal v.*

14

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1   *Senior Aerospace SSP*, 2016 WL 4251573, *3 (C.D. Cal. 2016). In other words, a

2   plaintiff presenting a claim for employment discrimination must allege ***facts***

3   demonstrating either directly or inferentially, a nexus between the employee's

4   disability and the employer's adverse employment action." *Hatfield v. DaVita*

5   *Healthcare Partners, Inc.*, 2015 WL 106632, *2 (N.D. Cal. 2015).

6          Here, the SAC lacks sufficient allegations to establish Plaintiff suffered from

7   a disability at all. Rather, she references unidentified "illnesses" and vaguely

8   alleges that she suffered from headaches, nausea, stress and the like. Such

9   conclusory allegations cannot support a claim for disability discrimination. *See,*

10  *e.g., McKenna v. Permanente Medical Group, Inc.*, 894 F.Supp.2d 1258, 1278

11  (E.D. Cal. 2012) (plaintiff fails to state claim for disability discrimination where

12  claims were "vague as to [the] alleged disability and fail[ed] to identify it

13  precisely.")

14         In addition, the SAC does not allege facts supporting a nexus between any

15  alleged disability and any adverse employment action. To the contrary, the SAC

16  alleges that her headaches were the ***result***, not the cause, of Defendants' supposed

17  misconduct. (*See, e.g.,* SAC ¶ 11, 31.) Moreover, the SAC alleges that Plaintiff

18  "inform[ed]" the District of her unspecified "illness" in March 2023, month ***after***

19  she went out on medical leave. (*Id.* ¶ 26) The District therefore could not have

20  discriminated against Plaintiff on the basis of her alleged disability prior to March

21  2023, because the District was not yet aware of her "illness."

22                      **2.      The Claim for Race Discrimination Fails**

23         Like the disability discrimination claim, the claim for race discrimination is

24  based on conclusory allegations, not properly plead facts. The SAC repeatedly

25  asserts that Plaintiff was mistreated due to her perceived race (Latina). (*See, e.g.,*

26  SAC ¶¶ 37, 43, 48, 62-63.) But the Court need not accept a "legal conclusion

27  couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). The

28  SAC does not plead ***facts*** establishing any incidents of discrimination or that

15

1    Plaintiff's alleged mistreatment was motivated by racial animus. (*See id.* ¶¶ 9-31

2    (factual allegation section of SAC.))

3         Instead, the SAC simply declares, in conclusory fashion, that the alleged

4    negative treatment Plaintiff experienced were "incidents of discrimination,

5    harassment, and retaliation." (*Id.* ¶ 12.) For example, the SAC states that

6    "Defendants referred to Dr. Alvarez and treated Dr. Alvarez as if she is of Mexican

7    American/Latina/Hispanic [sic] and would have done the same if they knew she

8    was of Native American descent." (*Id.* ¶ 37.) But the SAC does not identify a single

9    instance on which any Defendant "referred to" Plaintiff as Mexican American,

10   Latina or Hispanic -- much less plead facts showing that the mere reference to her

11   perceived race constituted an adverse employment action.

### 3.    The Claim for Failure to Prevent Discrimination Fails

13        Plaintiff's inability to plead a valid claim for racial or disability

14   discrimination necessarily means the Second Claim for failure to prevent

15   discrimination also fails. *Trujillo v. North County Transit Dist.*, 63 Cal.App.4[th] 280,

16   289 (1998) (employee who has not been discriminated against cannot sue for failure

17   to prevent discrimination).

18        The Second Claim also fails because it is impermissibly uncertain. The claim

19   is styled as a claim for "failure to prevent discrimination in employment" but

20   alleges that the District violated "California Government Code § 12940 et seq."

21   (SAC at 21: 27-28.) Section 12940 prohibits a variety of conduct in addition to the

22   failure to prevent actionable discrimination. (*See* Gov. Code §§ 12940 (a).) This

23   uncertainty violates FRCP 8(a)(2)'s requirement that the SAC contain a "short and

24   plain statement of the claim showing the pleader is entitled to relief." Rule 8(a)(2)

25   requires a plaintiff to state his claims with sufficient clarity to "give the defendant

26   fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*,

27   550 U.S. at 548. "Under Rule 8(a), a complaint must do more than name laws that

28   may have been violated by the defendant; it must also allege facts regarding what

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

16

1  conduct violated those laws. . . . In other words, a complaint must put the defendant

2  on notice as to what conduct is being called for defense in a court of law."

3  *Anderson v. United States HUD*, 554 F.3d 525, 528 (5th Cir. 2008). Plaintiff's

4  allegation that the District violated "California Government Code § 12940 et seq."

5  fails to give the District fair notice of the claim(s) asserted against it.

6      The claim also violates Rule 8(a)(2) in that it does not specify what kind of

7  discrimination it alleges the District failed to prevent. Instead, it offers only the

8  conclusory statement that the District "failed to prevent the discrimination from

9  occurring, whether the discrimination was based on race, ethnicity, national origin,

10  color, physical and/or mental disabilities, and because she engaged in the protected

11  activity of complaining about discrimination verbally or in writing." (SAC ¶ 39).

12  This laundry list confuses rather than illuminates, and in doing so also violates Rule

13  8(a)(2).

14  ## C.    THE FIRST CLAIM FAILS TO STATE A CLAIM FOR

15      VIOLATION OF 42 U.S.C. SECTION 1981

16      To state a § 1981 claim, a plaintiff must plead facts showing that (1) she is a

17  member of a racial group, (2) some contractual right with defendant was impaired,

18  (3) defendant intentionally discriminated against her based on race, and (4) her race

19  was a but-for cause of the impairment. *Desean Ray v. Am. Airlines, Inc*., 2024 U.S.

20  Dist. LEXIS 206555, *6 (C.D. Cal. Oct. 24, 2024) (citing cases). The First Claim

21  for Relief for race discrimination in violation of 42 U.S.C. section 1981 fails for the

22  reasons discussed above. The SAC offers the conclusory allegation that Plaintiff

23  was mistreated "because she is an [sic] predominantly Spanish/Native American

24  but mischaracterized as a Latina." (SAC ¶ 37.) However, as discussed above, the

25  SAC does not plead facts demonstrating that her race was *a but-for cause* of any

26  alleged mistreatment. The FAC's conclusory allegations of discrimination do not

27  suffice to state a claim. *Sprewell*, 266 F.3d at 988.

28  *///*

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

MOTION TO DISMISS

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

### D.    THE THIRD CLAIM FAILS TO STATE A CLAIM FOR RETALIATION IN VIOLATION OF THE FEHA

To plead a *prima facie* claim of retaliation, Plaintiff must allege (1) that she engaged in a protected activity; (2) the District subjected her to adverse employment action; and (3) there is a causal link between the protected activity and the District's action. *Sada v. Robert F. Kennedy Medical Center*, 56 Cal.App.4th 138, 155-156 (1997).  Retaliation under FEHA does not protect every type of retaliation that may occur in the workplace, but only complaints about conduct prohibited by the FEHA, such as discrimination or harassment. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1044 (2005).

It is well-settled that retaliation claims are "inherently fact-specific" and that an "employee's unarticulated belief that an employer is engaging in discrimination will not suffice to establish protected conduct for purposes of establishing a prima facie case of retaliation." *Husman v. Toyota Motor Credit Corp.*, 12 Cal.App.5th 1168, 1193 (2017). Indeed, "complaints about personal grievances or vague or conclusory remarks that fail to put an employer on notice as to what conduct it should investigate will not suffice to establish protected conduct." *Guyton v. Nove Nordisk, Inc.*, 151 F.Supp.3d 1057, 1073 (C.D. Cal. 2015).

The Third Claim for Relief alleges that Defendants retaliated against Plaintiff "because of her complaints and protesting discrimination against her based on perceived racial classification discrimination." (SAC ¶ 42.) This claim fails because, as discussed above, the SAC does not plead facts sufficient to demonstrate a causal link between her alleged protected activity and any alleged adverse employment action. The SAC makes clear that Plaintiff lodged her first complaint on November 8, 2022. (SAC ¶¶ 9-11, 22.) Her complaint was about Chevalier allegedly taking away her duties and accusing her of failing to teach her classes in-person. (*Id.*) Plaintiff then stopped working and went out on medical leave on February 27, 2023. (*Id*. ¶ 22.) The only event that allegedly took place between her

18

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1  complaint and medical leave was that she was questioned about her failure to teach

2  classes in-person. (*Id*. ¶¶ 23-24.) The SAC does not plead facts sufficient to

3  establish that she was questioned because she lodged a complaint against Chevalier.

4  Therefore, the retaliation claim should be dismissed.

5  **E.    THE FIFTH AND NINTH CLAIMS FAIL TO STATE CLAIMS**

6  **FOR VIOLATION OF 42 U.S.C. SECTION 1983**

7  The SAC asserts two claims for violation of 42 U.S.C. section 1983. The

8  Fifth Claim for Relief alleges the Individual Defendants violated Plaintiff's

9  "protected expressions/freedom of speech" based on her "Union Rights," while the

10  Ninth Claim for Relief alleges they violated Plaintiff's "protected speech, equal

11  protection." (*Id*. ¶ 64-65.) Neither states a valid claim.

12  **1.    The SAC Fails to State a Claim Based on "Union Rights"**

13  The elements for a Section 1983 claim are "(1) a violation of rights protected

14  by the Constitution or created by federal statute, (2) proximately caused (3) by

15  conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947

16  F.2d 1418, 1420 (9th Cir. 1991). The Fifth Claim alleges Defendants violated

17  Plaintiff's "protected expressions/freedom of speech . . . pursuant to 42 section [sic]

18  1983 for Union Rights." (Comp. ¶ 53.) However, among other defects, the SAC

19  does not identify the "union rights" on which the claim is based, nor identify how,

20  if at all, the union rights are "protected by the Constitution or created by federal

21  statute." At most, the SAC suggests that Chevalier took away Plaintiff's teaching

22  duties in violation of her Union's ***contract*** with the District. (SAC ¶ 10.) But it does

23  not plead facts showing that Plaintiff's alleged contractual rights to teach certain

24  classes are rights "protected by the Constitution or created by federal statute"

25  required to state a Section 1983 action.

26  ///

27  ///

28  ///

### 2. The SAC Does Not Plead Facts Demonstrating a Causal Nexus Between Plaintiff's Alleged Complaints and Any Adverse Action by Defendants

As noted, Plaintiff alleges that she first lodged a complaint about Chevalier in November 2022 after he allegedly took away her teaching duties and accused her of poor work performance. (SAC ¶ 22.) She thereafter allegedly lodged multiple complaints with the campus police regarding alleged threats made by a student 16 years earlier, met with Hardie and Bailey to discuss her grievance, and in March 2023 emailed Hardie regarding her grievance and "illness." (SAC ¶¶ 14-15, 23, 26.) The SAC thus confirms that Plaintiff continued to exercise her rights to "freedom of speech." It does not plead facts showing that any Defendant prevented her from doing so, and therefore fails to state a viable Section 1983 claim.

### 3. The SAC Does Not Allege Personal Participation in the Alleged Rights Violation by Bailey, Hardie or Hope

To be individually liable under Section 1983, an individual must have *personally participated* in an alleged rights deprivation. *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002). "Vague and conclusory allegations of participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Lake v. Baca*, 2007 WL 9706773, *2 (C.D. Cal. 2007). As discussed above, the SAC does not plead facts showing that Bailey, Hardie or Hope personally participated in any alleged violation of Plaintiff's rights.

### F. THE SEVENTH AND TENTH CLAIMS FAIL TO STATE CLAIMS FOR VIOLATION OF THE REHABILITATION ACT OF 1973

The Seventh and Tenth Claims for Relief allege that the District violated Section 504 of the Rehabilitation Act of 1973 by failing to accommodate Plaintiff's alleged disability. (*See* SAC at 28-29, 32-33.) The standards for determining a violation of Section 504 are the same as those applied under the Americans with

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

20

Disabilities Act. (*See* 29 U.S.C. § 794(d)). Under the ADA, a plaintiff must plead that the Defendant ***knew or had reason to know*** that the Plaintiff (1) has a disability, (2) was experiencing workplace problems because of the disability and (3) ***the disability prevented Plaintiff from requesting a reasonable accommodation***. Plaintiff must also demonstrate that the Defendant could have made a reasonable accommodation that would have enabled the plaintiff to perform the essential functions of the job. (9th Cir. Manual of Model Jury Instr. No. 12.8.)

The Seventh and Tenth Claims for Relief do not satisfy these pleading requirements. As discussed above, the SAC fails to adequately allege that Plaintiff had a disability, and it does not allege at all that Plaintiff requested an accommodation before she went out on medical leave in February 2023 and before she informed the District of her alleged disability in March 2023. (*See* SAC ¶ 25.) Nor does the SAC plead facts showing what, if any, reasonable accommodation was possible or that the District refused to grant that accommodation. Instead, the SAC repeats mere boilerplate allegations devoid of substance. (*See, e.g., id.* ¶¶ 58-59, 67-68 (boilerplate allegations.) The Court should dismiss these claims for failure to state valid claims under Section 504.

## V.   **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court dismiss all claims in the SAC.

///

///

///

///

///

///

///

///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

21

12811856.3 CH020-114

1

Dated:  March 4, 2025                              LIEBERT CASSIDY WHITMORE

2

3

4                                        By:   */s/ Viddell Lee Heard*

5                                                Mark H. Meyerhoff
                                                 Viddell Lee Heard
6                                                Attorneys for Defendants
                                                 CHAFFEY COMMUNITY
7                                                COLLEGE, JASON
                                                 CHEVALIER, SUSAN HARDIE,
8                                                LAURA HOPE, and LISA
                                                 BAILEY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

MOTION TO DISMISS

12811856.3 CH020-114